DELANIA THOMAS *v.* W. W. WOMACK.

Where a summons was made returnable,—and the complaint, and answer, in chief, were filed, *before the Clerk,* (July 1869,) and he returned the case to the next term, the docket of which showed the names of the respective counsel marked to such case : *Held,* that at Spring Term 1870 it was competent for the Judge to amend the summons by making it *returnable to the term,* in accordance with the Act of 1868–'69, c. 76.

MOTION to amend a summons, made before *Tourgee, J.,* at Spring Term 1870 of CHATHAM Court.

The summons had been issued in July 1869, returnable *before the Clerk,* and the complaint, and answer, in chief, had been filed before him. The cause was then transferred by

him to the next term, with the names of the attorneys for the parties marked on the docket.

At Spring Term 1870, upon motion by the plaintiff, his Honor allowed the summons to be amended, by making it (in accordance with the Act of 1868–'69, c. 76,) *returnable to the term.*

The defendant appealed.

*Phillips & Merrimon,* for the appellant.
*Howze* and *Manning, contra.*

RODMAN, J.    Section 132, C. C. P., by its language taken generally, confers on the Court the power to make the amendment allowed in this case.    But it is contended by the defendant, that however general may be the words of a statute, they will never be construed to have an effect In in violation of manifest principles of justice.    This we admit. The defendant further contends that such would be the effect of this amendment, as it would bring a party into Court without notice :  This we do not admit.    The defendant had notice to appear before the Clerk, and did appear and plead in bar of the action.    It is true that in consequence of the Act of 1868–'9, ch. 76, the Clerk at the date of the summons, did not have jurisdiction either to hear the case, or to have the pleadings conducted, and the issues made up before him.    The defendant contends that, therefore, the Clerk must be regarded for the purposes of this action, as no Court at all, and that the summons and appearance are nullities.

We concede that the summons was irregular, and that the defendant might have set it aside on motion, or by demurrer, and that no consent on his part could waive the want of jurisdiction.    But the Clerk is, for certain purposes, a part of the Superior Court which had jurisdiction of the action, and as such, he has a certain jurisdiction and certain powers.

The defect in the summons is, that it was not returnable before the Court in term time. A mistake in the return day may be amended if the defendant has notice of the true day, or may be waived by his appearance and pleading on the true day. In this case, as the defendant had actual notice to appear, and did appear, and had also notice that the case was transferred to the Superior Court at its regular term, and of the motion to amend; and, as he cannot be prejudiced in any defence which he may have, we do not see how any principle of natural justice forbids the amendment. If the defendant had gone to trial upon the issues joined in the Clerk's office, could he contend that a verdict found against him was a nullity? We think the Superior Court had power to allow the amendment. The terms on which it should have been allowed, were within the discretion of that Court, and do not come within our review.

There is no error. Let this Opinion be certified.

PER CURIAM. Affirmed.