*Doe ex dem.* JOHN D. WILLIAMS and others *v.* JOHN T. COUNCIL.

The Supreme Court cannot determine between conflicting records of a Superior Court, nor will it pass on an opinion of a Judge, which proceeds upon a state of facts different from that agreed to by the parties, and different from that certified as of record to this Court.

It is the privilege of an appellant to make up his case, and it is his duty to do it, so as intelligibly to exhibit the error in the judgment, of which he complains; and the rules of practice give him all the necessary power to do so. Ordinarily, if he fail to do so, the only cource open to the Supreme Court is to confirm the judgment below, not because it is thought to be right, but because it cannot be seen to be wrong.

This was an action of ejectment commenced before the adoption of the Code of Civil Procedure, submitted to His Honor, *Buxton, J.,* at the Spring Term, 1870, of MOORE Superior Court, upon a case agreed. The fact upon

which the case was considered in the Supreme Court will be found to be sufficiently stated in the opinion filed.

In the Court below the Judge decided in favor of the lessor of the plaintiff. And the defendant appealed.

*Manning* and *B. Fuller*, for the plaintiff.
*N. McKay, Phillips & Merrimon*, for defendant.

RODMAN, J. It is impossible to give any judgment in this case, except on a mere con!ecture between the accuracy of inconsistent statements, each of which by itself would be conclusive.

The whole dispute seems to turn upon the date of the commencement of the present action. Two writings, professing to be records in the present action, are certified to this Court; both contain the declaration of the plaintiff; the plea of the defendant; the case agreed, and the opinion of the Judge below. In one, the date of the issuing of the declaration is stated to be 29th December, 1857. In the other, the 14th January, 1858—the case agreed says, the present case is the same that is reported in 4 *Jones* and in 8 *Jones*. One of the certified copies of the case agreed, states that the present action was commenced on the third, the other on the thirteenth of July, 1853. The opinion of the ‾Judge states, (contrary to the case agreed,) that the cases reported in 4 *Jones,* and in 8 *Jones,* were different actions : the first of which was commenced 30th July, 1853, and the latter on the 29th December, 1857.

He further͈ says, that in the first suit there was a final judgment, in obedience to the opinion of this Court, at December Term, 1856, of Moore Superior Court; and that the present action, although commenced on the same day with that, is a different suit from that, as well as from that in 8 *Jones.* The Judge may have obtained this information from the records of his Court; but it is contradicted

by both the mutually contradicting records sent to us, and we do not know upon what ground His Honor substituted the result of his own search among the records, for the statement of facts agreed on by the parties, self-contradictory as that was. We do not feel justified in deciding a case where we must necessarily proceed upon a mere calculation of probabilities, as to a matter of fact, which, we must presume, can be so easily made certain. We cannot determine between conflicting records of a Superior Court. We cannot pass on an opinion of a Judge which proceeds upon a state of facts different from that agreed to by the parties, and different from that certified as of record to us. It is the privilege of an appellant to make up his case; it is his duty to do it, so as intelligibly to exhibit the error which he complains of in the jndgment: and the rules of practice give him all necessary power to do so. Ordinarily, if he fails to do so, the only course open to this Court, is to confirm the judgment below—not because we think it right, but because we cannot see it is wrong.

If we were at liberty to consider the case upon the facts as assumed by His Honor, the Judge below, we should probably decide the case as he has done, and for the reasons given, and the authority cited by him. But if the date of the commencement of the present action be taken from either of the two inconsistent records sent up with his opinion, it would make a material difference.

Either party is at liberty, at any time before the expiration of the second week of the next term of this Court, to move for a *certiorari* to bring up a more perfect record.

If no such motion be made, the judgment below will be affirmed.