D. C. and JAS. D. HARDIN v J. T. MURRAY and ELI MURRAY.

It is the duty of the appellant in this Court to show error; otherwise the judgment below must be affirmed. When there is conflicting testimony the Judge cannot be required to charge the jury that, if they believe a certain witness, they must find for the plaintiff or the defendant, as the case may be.

(*Gaither* v. *Ferebee*, 1 Winst. 310, cited and approved.)

CIVIL ACTION, tried before *Henry, J.*, at Fall Term, 1872, of the Superior Court of BUNCOMBE.

The complaint contained two causes of action: First, that the defendants, who were commission merchants in New York, had sold 132 bags of dried fruit for the plaintiffs and received the money and refused to pay it. Second, That the defendants, did not use due diligence in selling a former lot of 134 bags of dried fruit, and unlawfully applied the proceeds of sale of the 132 bags.

The answer denied the material allegations in the complaint, and the following issue was submitted to the jury: "Did the defendants sell the fruit in their usual trade?" There was much testimony, both oral and written, and after his Honor had charged the jury, the counsel were asked whether they desired any special instructions. Thereupon the defendant's counsel asked the Judge to charge that if the jury believed the deposition of the defendant, J. T.

Murray, which had been read to them, they should find that the defendants had acted in the usual course of trade in selling the fruit. His Honor declined so to charge, saying there was some conflicting testimony on that point. The defendants excepted.

The case as made out for this Court sets forth a part of the deposition of J. T. Murray, showing that they sold part of the fruit consigned to them, on a short time, to merchants who became insolvent before the expiration of the time, &c., but none of the other testimony is given.

There was a verdict and judgment for plaintiff; a motion for a new trial was refused, and the defendants appealed.

*J. H. Merrimon,* for plaintiffs.
*Battle & Son,* for defendants.

BOYDEN, J. In this case his Honor states that there was much testimony, both oral and written, and that at the conclusion of his charge (without showing what his previous charge had been) the counsel on both sides were asked if there was anything overlooked, or anything special they desired given to the jury. To this the defendant's counsel (the case states) asked the Court to charge the jury, that if they believed the deposition of the defendant, J. T. Murray, the defendants had acted in the usual course of trade in making the sale of the plaintiff's fruit. This his Honor refused, remarking that there was some conflict of testimony on that point. The conflicting testimony is not set out, nor any part of the testimony, save that portion of the deposition of the defendant, J. T. Murray, upon this point.

Upon this point the following issue was submitted to-wit: "Did the defendants sell the fruit in their usual course of trade?" This issue was found for the plaintiff. So the only question in the cause is, whether his Honor erred in refusing the instruction requested.

No question is better settled than that it is the duty of the appellant to show error, otherwise the judgment below must be affirmed.

Now it may be that injustice was done the defendants, on the trial below. If his Honor had deemed the verdict wrong, or contrary to the weight of the testimony, he might have granted a new trial. But the only question here is the single legal question, whether his Honor erred in refusing the instruction requested. Upon this point we think it clear that from the case sent here no error has been shown.

The case of *Gaither* v. *Ferebee,* 1 Winst. 310, is decisive upon the point that the defendant was not entitled to the instruction asked.

There is no error.

PER CURIAM.                    Judgment affirmed.