D. D. McBRYDE and others *v.* JOHN D. PATTERSON.

In a petition for partition, A *et al.* v. B, and B pleads "sole seizure," under a deed from C, who being made a party to the suit, alleges fraud on the part of B in procuring the deed, and prays to have the same cancelled: *it was error* in the Probate Court to dismiss the proceedings at the cost of the plaintiff. And on the appeal of the plaintiff to the Superior Court, *it was the duty* of the presiding Judge to have eliminated from the transcript and decided the point of law raised by the plea of sole seizure; as it *was also his duty* to have had the issue of fraud in procuring the deed submitted to, and passed upon, by a jury. After this, if necessary, the Court could have issued a *procedendo* to the probate Court.

This was a SPECIAL PROCEEDING, originally commenced in the Probate Court and carried upon appeal to the Superior Court of ROBESON county, where it was heard before *Kerr, J.,* at Spring Term, 1875.

The defendant moved to dismiss the proceeding. The Court overruled the motion, and thereupon the defendant appealed.

All the facts necessary to an understanding of the case, as decided in this Court, are stated in the opinion of Chief Justice Pearson.

*Leitch,* for the appellant, argued :

After a delay of three terms an appellant is not entitled to a *certiorari.* See *Erwin* v. *Erwin,* 3 Dev., 528.

McBRYDE *et al. v.* PATTERSON.

No error appearing in the transcript, the judgment of the Clerk of the Superior Court should be affirmed. See *Harding* v. *Murray*, 68 N. C. Rep., 534; *Williams* v. *Council*, 65 N. C. Rep., 10; *Utley* v. *Troy*, 70 N. C. Rep., 303; *Brumble* v. *Brown*, 71 N. C. Rep., 513.

The transcript shows that W. A. Dick was Clerk of the Superior Court when the case was tried, and that W. E. Thompson is now Clerk of the Superior Court, and there being no suggestion that the record of the proceedings at the trial is not properly and correctly certified, it is impossible for the present Clerk of the Superior Court to certify "the motions made by either party plaintiffs and defendant, and also to show the rulings of *all* questions of law presented to him" (his predecessor.) It not being the practice of the Court to record minutely each motion and ruling made, especially when there is a ruling disposing of the whole case. The Clerk therefore can certify nothing done by his predecessor that the record does not stand.

The duty of showing a full and clear statement of the issues of fact joined in the pleadings, does not devolve on the Clerk of the Superior Court. See Rules of Practice No. 3, adopted by the Supreme Court, June Term, 1871.

This action should have been dismissed upon motion:

I. For the reason that it appears from the complaint of plaintiffs, that there are parties interested in the land who have not been made parties to these proceedings. See *Whitted* v. *Nash*, 66 N. C. Rep., 590:

II. For the reason that the plaintiffs have failed to show with sufficient certainty who are the proper parties, what interest they claim, or how, or to whom the lands of Robert Hughes descended:

III. For the reason that the defendant excepting to the sufficiency in form of the deeds to A. S. McKay, under whom the plaintiffs claim, and the plaintiffs not having made property deeds nor furnished copies to show that they were sufficient to pass an estate. The decision of the Clerk of the Su-

perior Court to have been affirmed. The Clerk of the Superior Court is not the custodian of these deeds and cannot certify them to the Judge of the Superior Court:

IV. For the reason that the Clerk of the Superior Court has no jurisdiction to pass upon the validity or invalidity of a deed impeached for fraud:

V. This action should be dismissed upon the ground of multifariousness, one claim being a decision upon the validity of a deed sought to be impeached for fraud, a matter of which the Superior Court in term time has exclusive original jurisdiction. The other claim, the right to have partition of land, claimed by the plaintiffs to be owned by them as tenants in common with the defendant, a matter of which the Clerk of the Superior Court has exclusive original jurisdiction. See *Heilig* v. *Foard*, 64 N. C. Rep., 710.

Defendant's motion to dismiss puts him in the same position as if he had demurred. See *Miller* v. *Barnes*, 65 N. C. Rep., 67.

*N. A. McLean*, *W. McL. McKay*, *Walker* and *Strange*, contra.

Pearson, C. J. Under the "old mode of procedure," in a petition for partition, if the defendant pleaded "sole seizure" the proceeding was stayed by the Court. The plaintiff directed to bring an action of ejectment to try the title, and the defendant required to confess an "actual ouster" for the purpose of enabling the plaintiff to bring the action, as a tenant in common could not maintain ejectment against his co-tenant unless there had been "an actual ouster."

That practice is excluded by the Code of Civil Procedure, for it in effect requires, or at least strongly recommends all matters of controversy growing out of the same transaction, or concerning the same subject between all parties having an interest therein, to be disposed of in *one action*. This mode of procedure answers a good purpose in the general, by saving costs and preventing the necessity of resorting to more

McBryde *et al. v.* Patterson.

than *one court ;* but in particular cases (of which the one now under consideration furnishes a noticeable instance,) it produces so much confusion and complication as to almost put it out of the power of any one Court to deal with the case.

This was a special proceeding before the Judge of Probate by petition for partition of land. The defendant denied the relation of tenant-in-common, and alleged that he was in possession of the whole tract in severalty, and had a good title in fee simple, under one Carolina Gordon. The pleadings were thereupon amended, other parties plaintiffs were made, and " Carolina Gordon " was made a party defendant ; she answers, alleging that the defendant, Patterson had procured her to execute the deed under which he claims title to the whole tract of land in severalty by fraud, and prays to have it cancelled.

We have by the pleadings (stripped of verbiage and of *equivocal admissions* and *general denials*, to which " attorneys at law," in drafting complaints and answers are never justified in resorting. A petition for partition, and a plea, " sole seizure "; this raised a question of title to land, which the Judge of Probate had no right to decide and then a claim on the part of Carolina Gordon to have her deed cancelled, appealing to a jurisdiction heretofore exercised by Courts of equity exclusively, which, of course, the Judge of Probate could not assume.

Thus embarrassed by questions raised by the pleadings, which he had no power to decide, the Judge of Probate concluded to " cut the knot," and " dismissed the whole proceeding at the cost of the plaintiff." Upon appeal, all of the proceedings before the Judge of Probate were duly certified to the Superior Court, and the case was thereby put in that Court, to be disposed of agreeable to law.

We concur with his Honor in the opinion that the Judge of Probate erred in giving judgment that the case be dismissed at plaintiff's cost.

True, he had no right to decide upon the question of title,
31

raised by the plea of "sole seizure," put in by the defendant Patterson, or upon the question of equity to have her deed cancelled, raised by the defendant Carolina Gordon; but the case was properly instituted before him, in the first instance, by the petition for partition, and the questions of legal and equitable ground of relief raised by the subsequent pleadings, which questions he had no power to dispose of, did not authorize a judgment dismissing the case.

These questions of right to have partition, sole seizure, equity of cancellation, raised by the pleading in the original and in the amended complaint and answer, are presented with so many "*variations*" as to swell the record to an appalling volume, for it had accumulated like a ball of snow which boys roll over and over until it becomes too big for them to roll over again. Whereupon the Judge of Probate enters judgment, "dismissing the case at plaintiffs' cost, and plaintiffs appeal.

As before said, we concur with his Honor in the opinion that the Judge of Probate erred in dismissing the case, but we think his Honor likewise erred in ordering the case to be remanded. *Cui bono ?* To roll the ball over again, would only add another layer of snow.

As the case and a full transcript of everything that had been done in the Court of the Judge of Probate, *was in the Superior Court* by the appeal, that is, the appeal had substantially, and ought to have been allowed the effect of the writ of *pone* or of *tolt*, mentioned in Blackstone, vol. 3d, by which, cases that the inferior Courts by reason of pleas, &c., put in after the action was instituted, could not deal with, were required to be "sent up" or "put" in the higher Court.

By this analogy, for we are groping in the dark, as the Code of Civil Procedure does not provide for the case, we are of opinion, that the appeal had the effect of *putting* the case in the Superior Court, and it was the duty of his Honor to have eliminated from the transcript, and decided the point of law, made by the answer of Patterson on the plea of " sole seizure,"

McBryde *et al. v.* Patterson.

about which, after much procrastination on both sides, the facts are admitted by the pleadings, to-wit: Robert Hughes owned the land in controversy, and acquired it by purchase; he was a bastard, and died without leaving wife or children or mother, but leaving him surviving a sister, who was also a bastard, that is, Carolina Gordon, and three or four other brothers and sisters who are legitimate children of his mother; from whom the plaintiffs derive title.

The plea of " sole seizure" is put on the construction of the rules of descent, Bat. Rev., chap. 36, rule II, making the point of law, is the bastard sister of a bastard brother, entitled to land purchased by him, to the *exclusion* of brothers and sisters born in lawful wedlock? That is a question of law, which his Honor ought to have decided, and one which the Judge of Probate had no right to decide, as it involved a question of title to real estate, which, under the old mode of procedure, could only have been disposed of in an action of ejectment, and in regard to which, under C. C. P., the Judge of Probate had no jurisdiction. It was likewise, supposing the plaintiffs had an interest, the duty of his Honor to have disposed of the question of fraud in the procurement of the execution of the deed of Carolina Gordon, by having an issue of fact tried by a jury. After this, the Superior Court would have been in a condition to issue a writ of *procedendo* to the Judge of the Court of Probate, if the result of the subsequent proceedings made it necessary to order partition to be made.

This opinion will be certified.

The plaintiff McBride and the defendant Patterson are to pay the cost of this Court equally.

Per Curiam.                          Judgment accordingly.