JOHN G. JONES, Administrator, v. JOHN B. HEMPHILL and others.

### Special Proceeding--Practice--Issues.

1. Where, in a Special Proceeding to make real estate assets instituted before a Superior Court Clerk, there was a demurrer filed to the complaint; *Held,* That the issue of law thereby raised should be certified to the Judge at Chambers; *Held further,* That it was error in the Judge after overruling the demurrer to direct that an order issue to the plaintiff to sell the land.

2. In such case the decision of the Judge should be transmitted to the Clerk, with leave for the defendant to answer before the Clerk, if so advised.

3. In a Special Proceeding, if the answer of the defendant raises an issue of fact, the Clerk should transfer a copy of the pleadings to the civil issue docket for trial at term time : if it raises issues of law and fact, a similar transfer should be made, the issues of fact to be tried before a jury and the issues of law to be eliminated by the Judge and decided by him at the same time.

4. Upon the determination of the issues, if the result makes it necessary, a *procedendo* should issue to the Probate Court.

(*McBryde* v. *Patterson,* 78 N C. 478, cited and approved.)

SPECIAL PROCEEDING commenced in the Probate Court and, upon issues of law raised by the pleadings, transferred to and heard at Spring Term, 1877, of PERSON Superior Court, before *Cox, J.*

The purpose of the proceeding was to subject the land of the plantiff's intestate to the payment of his debts. The defendants filed a demurrer which His Honor overruled, and gave judgment that an order issue to the plaintiff to sell the land. From which the defendants appealed.

No counsel for plaintiff.
*Mr. W. N. H. Smith,* for defendants.

FAIRCLOTH, J.   When an executor or administrator applies to the Clerk of the Superior Court for license to sell land for assets, and an issue of law or fact is joined between the parties, the course of procedure shall be as prescribed in other special proceedings.   Bat. Rev. ch. 45, § 65.

When an issue of law shall be joined on the pleadings before the Clerk, he shall send a copy of the record to the Judge of the Court by mail or otherwise for hearing and decision by him, who shall transmit his decision in writing to to the Clerk of the Court, and the parties on notice may proceed thereafter according to law.   C. C. P. §§ 111, 113.

These provisions govern this case.  The case was not properly transferred to the docket for trial at term time, but was before the Judge at Chambers.   The demurrer was properly overruled, but His Honor had no authority to grant the plaintiff license to sell the land for assets   He should have transmitted his decision to the Clerk with leave to the defendant to answer before the Clerk if he chose to do so. Nothing was before the Judge for decision except the issue of law raised by the pleadings, and this did not give him jurisdiction of the action for any other purpose.   If the defendant declines to answer before the Clerk then the plaintiff may proceed according to law.   If he does answer and thereby raises an issue of fact, the Clerk will transfer a copy of the pleadings to the civil issue docket for trial at term time; and if the answer shall raise an issue of fact and an issue of law also, the Clerk will transfer a similar copy to the trial docket, and the issues of fact will be tried before a jury, and the Judge will eliminate the questions of law and decide them at the same time.   When the issues are thus disposed of, the Superior Court will, if the result of the proceedings make it necessary to sell the land, issue an order of *procedendo* to the Judge of the Probate Court.   *McBryde* v. *Patterson*, 73 N. C. 478.

We have no express statutory direction in these several

particulars, but the mode here prescribed will answer a better purpose than to split the case when both issues of fact and law are presented by the pleadings, and in this way a complete record of the proceedings will in the end be retained in the Probate Court which has original jurisdiction of the subject.

When the answer is filed, the various questions discussed before us concerning the disposition of the personalty by the administrator, the insufficiency of the complaint, &c., will probably be in order. They are not so now.

There is no error in overruling the demurrer. Let this opinion be certified to the end that the case be remanded to the Clerk of the Superior Court for further proceedings.

Each party will pay his own costs in this Court.

PER CURIAM.                           Judgment accordingly.