JOSEPH H. HOFF and others v. G. A. CRAFTON and others.

*Separate Action—Sale of Land Under Decree—Mortgage—Issues—Practice.*

1. Where land was sold under decree of a Probate Court and notes secured by mortgage on the land taken to secure the deferred payments, the only remedy for their collection is by motion in the cause in the Probate Court; an independent action on the notes can not be sustained.

2. In such case, an order by the Probate Court to collect the notes by a sale of the mortgaged premises is not in any sense a proceeding to foreclose a mortgage; it is simply an order directed to its commissioner to proceed under the mortgage deed and convert the property into money to pay the debts secured.

3. In such case, the terms of sale prescribed in the mortgage deed can not be changed by the Court without the consent of all parties interested.

4. Where, in such case, there was a conflict in the Probate Court as to the ownership of the notes and issues in regard thereto were ordered to be made up and sent to the Superior Court for trial, and thereupon the case was carried by appeal to the Superior Court; *It was held* to be error for the Superior Court to remand the case to the Probate Court without trying such issues; they should have been passed on and decided and then the cause should have been remanded to the Probate Court to be proceeded with and closed.

(*Lord* v. *Beard, ante,* 5; *Council* v. *Rivers,* 65 N. C. 54; *Mauney* v. *Pemberton,* 75 N. C. 219, cited and approved.)

SPECIAL PROCEEDING commenced in the Probate Court and

heard on appeal at Spring Term, 1878, of MARTIN Superior Court, before *Henry, J.*

The plaintiffs filed their petition against the defendants in the Probate Court for partition and sale of lands devised by John Barden, and of which they were tenants in common. The lands were decreed to be sold on the terms that four hundred dollars of the purchase money be paid at the sale and notes taken for the residue in four equal installments, payable at one, two, three and four years; that the land should be at once conveyed to the purchaser and reconveyed by him by way of mortgage to secure the deferred payments; and Joseph T. Waldo was appointed commissioner to make the sale. The lands were sold under this order to George L. Roebuck, who complied with the conditions of sale, and report thereof was made, and on April the 3rd, 1874, confirmed by the Court. The mortgage contained a clause by which, on default of the mortgagor in making any of his stipulated payments, the commissioner Waldo was authorized to sell the lands at public sale for cash and pay the notes.

The case states that after deducting for costs, the funds (both money and notes) were on May the 7th, 1874, delivered to the parties in interest. On the 12th day of September, 1877, the commissioner reported further to the Court that three of the notes were outstanding,—one in possession of W. E. Best who claimed to be the owner, while by others it was alleged to have been paid; and another held by Hornthall & Bro., whose right thereto was denied by Nancy E. Hoff, from whom the firm received it; that at the instance of the parties interested he had attempted to make sale of the premises under the mortgage, but had failed by reason of the bidder's non-compliance with the terms of sale, and he had now advertised them again; that in his opinion the lands if sold for cash would not command a price adequate to discharge the secured debts, and recommending

that they be sold on credit. Hornthall & Bro, and Best were, by notice served on them, made parties to the proceeding.

On the hearing of the matter, the Court ordered a sale for one-fourth cash and on a credit of one and two years for the residue of the purchase money, and title to be retained until full payment, and directed certain issues touching the payment of the note held by Best, and his right thereto, and the right of Hornthall & Bro. to the note in their possession, to be made up and sent to the Superior Court for trial in term time. These issues were accordingly drawn up. At the same time in behalf of Hornthall & Bro. and Best, a motion was made to dismiss the proceedings, which was overruled and they appealed. On the hearing before the Judge of the Superior Court, he affirmed the ruling of the Probate Judge, and ordered the cause to be remanded, and they appealed to this Court.

*Messrs. Mullen & Moore* and *G. H. Brown, Jr.,* for plaintiffs.

*Mr. P. H. Winston,* for defendants.

SMITH, C. J. (After stating the case as above.) The appellants in the argument here insist: 1. That the action had terminated in the Probate Court and the Probate Judge had no further jurisdiction to proceed in the case. 2. That the present proceeding was in substance if not in fact to foreclose a mortgage which a Probate Court had not cognizance to hear and determine. 3. That the mortgagor George E. Roebuck was a necessary party. 4. That if sold the land must be sold according to the terms of the mortgage and for cash only. We propose to notice these several objections successively:—

The action is not ended as long as any thing remains to be done. Here, the notes were unpaid and the security for

their payment was in the hands of an officer of the Court. We have decided at this term, in *Lord* v. *Beard, ante*, 5, that where a clerk and master who was also guardian to the infant whose lands were sold by a decree of the Court of Equity, took the note payable to himself as guardian from the purchaser, the only remedy for its payment was a motion in the cause and an independent action on the note could not be sustained. To same effect are *Council* v. *Rivers*, 65 N. C., 54, and *Mauney* v. *Pemberton*,, 75 N: C., 219.

The second objection rests upon an entire misconception of the facts of this case. It is not in any sense a proceeding to foreclose a mortgage, nor indeed any independent judicial action. It is simply an order directed to its commissioner having control of a security, to proceed under his deed and convert the property into money to pay the debts secured. The commissioner is an appointee of the Court—acting under its authority and by its sanction—and remains subject to its control until the whole matter is adjusted and closed. Suppose the purchaser had conveyed other real estate to secure the purchase money, could not the Court compel the commissioner to exercise the power of sale conferred on him in order to the payment of the debt? This case does not differ from the one supposed: The Court issues its mandate to the commissioner to proceed to make the money—and this it clearly had the right, and it was its duty to do.

The third exception is disposed of in what has been already said. The commissioner is acting so far as the mortgagor is concerned, as any other mortgagee under a power of sale, and not asking the aid of any Court in its exercise.

The fourth exception is well founded. The terms of the sale as prescribed in the mortgage can not be changed by the Court without the consent of all parties interested. The mortgage is a contract and is inviolable as well against the action of the Court as any one else. The Court could only order its commissioner to proceed under it according to its

provisions, and no inconvenience or loss likely to be incurred by a sale for cash, can authorize a sale on any other terms by the commissioner. We are not now referring to a judicial proceeding to foreclose, but to the facts of our own case. The departure from the requirements of the mortgage is unauthorized, and the order in this particular erroneous. Nor should the case have been remanded until the issues of fact sent up were tried. It was the duty of the Judge to proceed to have these issues passed on and decided first; and then, after correcting the error of the Probate Court in so far as its order varied the terms of sale prescribed in the mortgage, to remand the cause to be proceeded with and closed. In this respect there is error in the judgment below, and the cause will be remanded to be proceeded with in conformity to this opinion.

Error.　　　　Judgment reversed and case remanded.