REBECCA A. CHEATHAM v. JAMES A. CREWS and another, Executors.

*Jurisdiction—Amendment of Summons.*

In an action brought before the clerk, of which the superior court in term time had jurisdiction, where issues of law and fact including the question of jurisdiction were raised by the answer, and the action thereupon transferred to the court in term time : *It was held,* not to be error for the court below to refuse a motion to dismiss the action and to amend the summons so as to make it in form returnable to that term of the court.

(*Jones* v. *Hemphill,* 77 N. C., 42; *Thomas* v. *Womack,* 64 N. C., 657; *Bullard* v. *Johnson,* 65 N. C., 436 ; *State* v. *Cauble,* 70 N. C., 62; *Bledsoe* v. *Nixon,* 69 N. C., 81, cited, commented on and approved )

MOTION in the Cause heard at Spring Term, 1879, of GRAN-VILLE Superior Court, before *Buxton, J.*

The summons in the case was made returnable before the clerk, and upon the facts set out in the opinion of this court, the defendant insisted that the matters complained of were the proper subject of a civil action and not a special proceeding. In the superior court before His Honor, the plaintiff moved to amend the summons so as to make it return-

able to term, and the defendant moved to dismiss the proceeding for want of jurisdiction as set forth in the answer. The court allowed the amendment as moved by plaintiff, and the defendant appealed.

*Messrs. Merrimon, Fuller & Ashe,* for plaintiff:

The clerk of the court, being the superior court, had the case before him; he sent it to the court in term, and the judge allowed an amendment of process. The case was brought and retained in the superior court. C. C. P., § 132; *Thomas* v. *Womack,* 64 N. C., 657; *Walston* v. *Bryan, Ibid.,* 765; *State* v. *Cauble,* 70 N. C., 62. See also *Hinton* v. *Deans,* 75 N. C., 18.

*Messrs. J. B. & W. P. Batchelor,* for defendant:

The case of *Thomas* v. *Womack,* differs from our case. That was commenced and intended as a civil action, but the summons by oversight was made returnable before the clerk under the code, instead of to term under the act suspending the code. Whereas our case was commenced and intended as a special proceeding and the summons made returnable before the clerk, not by oversight, but because the law required it should be so returned in a special proceeding, which this was intended to be.

SMITH, C. J. This action was instituted to reform and correct an alleged error in the partition of certain lands, devised by one James Crews to his eight children, the plaintiff and part of the defendants, and directed by the testator to be divided into eight equal shares, and one share allotted to each.

Under the directions of the will, the executors appointed three commissioners, who divided the land and assigned to each his and her share in severalty. The complaint alleges a mistake made by the commissioners as to the area of the

lot which fell to the plaintiff whereby she loses about fifty acres, her lot being estimated to contain one hundred and twenty-nine acres, whereas it contained only about eighty acres. The purpose of the suit is to rectify this error. The summons issued on Feb. 20th, 1879, was executed the next day, and is made returnable before the clerk at his office within twenty days after service to answer a complaint which will be filed in ten days from the date of the summons.

The complaint was accordingly filed in the office on the 1st of March, and after further time allowed the defendants, their answers were filed, one on the 15th and the other on the 19th day of March, and they set up several matters of defence, both of law and fact.

The cause was thereupon transferred to the next ensuing spring term of the superior court, as required by the code for the trial of both issues of fact and law. *Jones* v. *Hemphill*, 77 N. C., 42.

The defendants in their answer, among other defences, deny the jurisdiction of the clerk, and, before the judge at the term aforesaid, moved to dismiss the action ; at the same time plaintiff moved for leave to amend the summons so as to make it in form returnable to that term. The court allowed the amendment and refused to dismiss, and from this ruling the appeal is taken to this court.

The appeal presents a single question : Has the judge the right to make the amendment and proceed with the cause ?

The purpose and scope of the new system is to facilitate the trial and disposition of causes upon their merits ; and to this end when necessary the process and pleadings are liberally reformed by amendments which do not substantially change the claim or defence. C. C. P., § 132.

The power to amend the process in a case, not distinguishable from the present, has been exercised and sustained in *Thomas* v. *Womack*, 64 N. C., 657. Approving the decision

and the reasoning by which it is supported, we are content to refer to the opinion in that case as an answer to the argument for defendants.

The practice in allowing amendments is liberal as is manifest in the cases of *Bullard* v. *Johnson*, 65 N. C., 436, and *State* v. *Cauble*, 70 N. C., 62, in each of which a new plaintiff was allowed to be substituted in a warrant issued by a magistrate after it reached the superior court by appeal.

In *Bledsoe* v. *Nixon*, 69 N. C., 81, the plaintiff, against whom final judgment had been rendered in this court, instituted proceedings for a new trial as to one of the issues upon the ground of newly discovered evidence and the case came to this court by appeal. It was held that the action was improperly begun in the superior court, yet the court treating it as a motion originally made in the supreme court, entertained jurisdiction and decided the cause. This current of ruling fully sustains the action of the judge in permitting an amendment which removed the defect and placed the case properly under the court's jurisdiction.

It may be suggested that the present case differs from *Thomas* v. *Womack*, in that, *here* the exception to the jurisdiction is taken in the answers filed with the clerk. This feature does not, however, in our opinion, make any essential distinction, nor impair the force of the precedent. The removal to the superior court for trial at term time is a necessary consequence of raising this and the other issues of law and fact, in the pleadings, and, the jurisdiction thus attaching, the judge had control of the proceedings, and had the power and as we think properly exercised it in correcting the error and retaining the cause.

No error.                                      Affirmed.