PEOPLES NATIONAL BANK v. JOHN D. McARTHUR and others.

*Amendment of Record—Appeal.*

1. A court has power to amend its record by inserting what has been omitted to make it speak the truth.

2. Where an action was brought in a justice's court against A and B and an appeal taken from the judgment recovered, but no memorandum thereof entered on the justice's docket, it is competent to the superior court upon proof to amend the record to show that in fact only one of the defendants appealed.

(*Phillipse* v. *Higdon*, Busb. 380; *Ashe* v. *Streator*, 8 Jones, 256; *Thomas* v. *Womack*, 64 N. C., 657; *Cheatham* v. *Crews*, 81 N. C., 343; *Brown* v. *Hawkins*, 65 N. C., 645; *State* v. *Cauble*, 70 N. C., 62; *Wolfe* v. *Davis* 74 N. C., 597, cited and approved.)

CIVIL ACTION commenced before a justice of the peace and tried on appeal at Spring Term, 1879, of CUMBERLAND Superior Court, before *McKoy, J.*

The plaintiff endorsee brought this action before a justice of the peace against the defendant, John D. McArthur, the acceptor, and the other defendants composing the partnership firm of W. D. Smith & Co., as endorsers, to recover. the amount due on a draft of one E. Page for one hundred and thirty-five dollars, on which a payment of twenty-five dollars had been made and credited. The plaintiff entered a *nolle prosequi,* as to E. J. Hardin, one of the alleged copartners, and recovered judgment against the other defendants. From the judgment an appeal was taken, and an undertaking entered into by the individual members of the firm and the said Hardin in the sum of two hundred dollars, to pay such sum as the plaintiff might recover in the superior court according to the provisions of the code § 542.

On the trial in the superior court the plaintiff recovered judgment against the defendant, McArthur alone, and thereupon moved for judgment against the surety to the under-taking on the appeal. This was :esisted on the ground that the defendants W. D. Smith & Co., were the only appellant, and the appeal had been prosecuted with success. There was no memorandum of the appeal entered on the justice's docket. The counsel for defendants moved to amend the record so as to show that W. D. Smith & Co. alone appealed, and offered the affidavits of the justice and of McArthur and others in proof of the fact. The plaintiff opposed the introduction of the evidence for incompetence, and insisted that the justice's return was conclusive and could not be corrected or contradicted. The court heard the testimony and found as a fact that McArthur did not appeal, and ordered the amendment and refused to give judgment on the undertaking, and the plaintiff appealed.

*Mr. B. Fuller,* for plaintiff:

As to changing the proceedings by parol proof, *Long* v. *Weaver*, 7 Jones, 626; *Wade* v. *Odeneal*, 3 Dev., 423. The revision in superior court is only of *judicial* proceedings, *Com'rs* v. *Kane*, 2 Jones, 291; and an undertaking on appeal is not a judicial proceeding, the clerk might take it, Bat. Rev.; *Weaver* v. *Hamilton*, 2 Jones, 348. Any correction must be by direct proceeding for that purpose, *Doyle* v. *Brown*, 72 N. C., 395; and even if it could be upon motion, the issues of fact are triable by jury. *Murrill* v. *Humphrey*, 76 N. C., 414.

*Mr. N. W. Ray*, for defendants.

SMITH, C. J. The undertaking is executed by W. D. Smith and J. M. Smith (who constitute the firm) and E. J. Hardin, and is so drawn as to apply to the appellants as such whether a part or all of them appealed; and with the explanatory amendment, is discharged by the plaintiff's failure to obtain judgment against the principals in the superior court. It is not denied that the court possesses no power to alter the provisions of the contract or relax any one of its obligations; and while abstaining from this, it is not less a duty to make the record a truthful narrative of what occurred and to correct an inadvertent error. The duty is imperative, and it would be most unjust by a false speaking of the record to enlarge the liability into which, with the understanding of all the parties, the surety has entered, because of an erroneous recital in the statement of facts by the justice who first tried the cause. The only question then is as to the right of the judge to make the amendment, and of this there can be no doubt, as a few references will be sufficient to show. The general doctrine with its limitations is stated in *Phillipse* v. *Higdon*, Busb. 380, and *Ashe* v. *Streator*, 8 Jones, 256.

A summons returnable before the clerk may be made returnable before the court in term time and thus give juris-

diction. *Thomas* v. *Womack*, 64 N. C., 657; *Cheatham* v. *Crews*, 81 N. C., 343, and cases cited in the opinion.

An insufficient affidavit on which an attachment has issued may be amended. *Brown* v. *Hawkins*, 65 N. C., 645.

A change may be made in the plaintiff in the warrant tried before a justice and removed to the superior court on appeal, by the substitution of the state in place of the overseer of the road in the latter court. *State* v. *Cauble*, 70, N. C., 62.

But the correction of false recitals of facts should be in conformity to the truth. *Wolfe* v. *Davis*, 74 N. C. 597.

The cases cited by the plaintiff's counsel are not in point. It is not proposed to contradict a record by parol evidence but to correct a false recital in the record itself. Thus amended, there was no breach in the contract of the surety and the court properly declined to render judgment against him. There is no error.

No error. Affirmed.