·JOHN CAPPS and others v. ABRAHAM CAPPS and others.

*Jurisdiction—Practice.*

When a case, commenced wrongfully before the clerk, gets into the superior court by appeal or otherwise, and the latter has jurisdiction of the whole cause and can proceed to its determination, it will do so, and make all amendments of process needful to give effectual jurisdiction ; but where a complaint which states matters properly triable in the probate court is amended in the superior court on appeal by engrafting new matter cognizable only by the superior court in term, a demurrer by a defendant averring a defect of jurisdiction over such matter, was properly sustained.

(*Jones* v. *Hemphill*, 77 N. C. 42 ; *Brandon* v. *Phelps*, Ib. 44 ; *McBryde* v. *Patterson*, 73 N. C, 478 ; *Hoff* v. *Crafton*, 79 N. C. 592 ; *Cheatham* v. *Crews*, 81 N. C. 343, cited and approved.)

SPECIAL PROCEEDING for sale of land for partition commenced in the probate court, and heard at Fall Term, 1881, of HENDERSON Superior Court, before *McKoy, J.*

The demurrer of the defendants to the amended complaint of plaintiffs was sustained by the court upon the ground that the probate court had no jurisdiction of the

subject matter it contained, as set out in the opinion of this court, from which ruling the plaintiffs appealed.

*Messrs. Gilliam & Gatling* and *J. J. Osborne,* for plaintiffs.
*Mr. Armistead Jones,* for defendants.

SMITH, C. J. An action for partition of real estate held by tenants in common, whether by a separation into parts or by a sale and conversion into money and the apportionment of their several shares among them, is denominated a special proceeding and properly originates before the clerk of the superior court, acting in his capacity of probate judge. Acts 1868-'69, ch. 93 and 122. If a controversy arises out of the pleadings which raises a question of law, a copy of the record must be certified and sent to the judge of the court for hearing and decision, and if a question of fact, a copy of the pleadings is to be transferred to the civil issue docket for trial at term time. C. C. P. §§111, 113; *Jones* v. *Hemphill,* 77 N. C. 42; *Brandon* v. *Phelps, Ib.* 44; *Mc-Bryde* v. *Patterson,* 73 N. C. 478; *Hoff* v. *Crafton,* 79 N. C. 592.

The present proceeding was thus commenced, and the plaintiffs in their complaint demand partition by means of sale of five distinct tracts of land particularly described and numbered, which it is alleged descended from one Cornelius Capps upon his death and intestacy, in June, 1860, to the plaintiffs and defendants as heirs at law, in the several proportions therein mentioned. The answer of the defendant, Ambrose, the other defendant not answering, asserts a sole seizin in himself in the tract, number 4, and in part of tract number 2, the title to the residue of it being in one McLaughlin, and does not controvert the tenancy in common of the other tracts. The plaintiffs might thereupon, to avoid delay, have stricken out the disputed tracts and had partition of the remaining tracts and thus disencumbered the case of the embarrassing difficulties encountered

in the course pursued. They were at liberty however according to the established practice to remove the issues, as to the ownership of the two drawn in question, for a jury trial before the judge, and consequently suspend further action, until they were determined. The jurisdiction thus acquired in the superior as distinguished from the probate court, was restricted to the controverted matters transferred, and to the exercise of the powers incidental to their determination, with the right of appeal by either to this court.

The inquiry to be solved by the verdict was as to the then existing title, and it admitted any *evidence* to invalidate that set up by the defendant in opposition to the alleged tenancy in common in those lands also. *McBryde* v. *Patterson, supra.*

Instead of this, the plaintiffs were permitted to engraft upon their complaint a new cause of action impeaching for fraud and upon other grounds a decree rendered in the court of equity in 1843, and the proceedings preliminary and subsequent thereto, under which the defendant is supposed to derive his asserted separate and sole estate, while the cause in the probate court awaits the result before any further progress can be made. This new cause of action is of exclusive cognizance in the superior court presided over by the judge, and if allowed to be annexed to a proceeding for partition in the manner proposed, would produce the anomalous result of dividing the action into parts, one remaining in each court, and this when the latter court has jurisdiction to try and determine an issue only arising and incidental to granting relief in the probate court. The amendment is in legal effect the institution of a new action, and in our view inconsistent with the retention of the other.

The cases cited for the plaintiffs in the elaborate and carefully prepared argument of their counsel, of which *Cheatham* v. *Crews*, 81 N. C., 343, seems most in point, sustain the proposition that when a case commenced wrongfully before

the clerk gets into the superior court by appeal or otherwise, and the latter has jurisdiction of the whole cause and can proceed to its termination, it will do so, and make all needful amendments of process to make the jurisdiction effectual. But they do not apply to a case where detached issues are sent up to be followed by a *procedendo,* if necessary for the further prosecution of the cause in the court below.

We concur, therefore, with his Honor, and sustain his ruling in support of the demurrer.

No error.                                Affirmed.