In McDANIEL v. POLLOCK, from Jones :

*Practice—Certiorari.*

1. The appellant must assign and show error in the ruling of the court below, or the judgment will be affirmed.
2. An application for *certiorari* must be made before the case is gone into upon the merits.

Smith, C. J. The complaint alleges that under a writ of *venditioni exponas* issued in 1869, upon a judgment recovered in 1863, against one Lewis Koonce, the plaintiff, and others by one Roscoe Barrus, the sheriff of Jones, sold and conveyed for the consideration of $430, to one Amyett a large tract of land belonging to the plaintiff and whereon he resided, which is described in the complaint, and that the sale was made subject to his homestead. That the defendant, C. M. Pollock, then living with the plaintiff

in March, 1870, at his request, purchased from the said Am-yett for the sum of $450, his interest in the land, and the same was duly conveyed to said Pollock by deed executed by said Amyett and wife. That in 1869 another execution issued upon the same judgment, revived before the clerk in the name of the defendant C. M. Pollock, by virtue whereof the sheriff levied on, and in September sold the interest of the plaintiff in said land, and conveyed the same by deed to the defendant E. R. Page, who had married a niece of the plaintiff, for the sum of fifty dollars, and that it was bid off by said Page at the request of the plaintiff and for him.

The object of the action is to set up and enforce a parol trust, attaching to the estates so conveyed to the defendants, C. M. Pollock and E. R. Page, and against the other defendant who claims under said C. M. Pollock.

The separate answers deny the facts charged and out of which the trusts are alleged to arise, and insist that the said conveyances were absolute, uncoupled with any contract for the benefit of the plaintiff, and vest the title in them respectively. Upon four issues made up and submitted to the jury, they find that neither did the defendant, C. M. Pollock, purchase the land in his possession from Amyett, nor the defendant E. R. Page buy at the sheriff's sale that in his possession, *in trust* for the plaintiff; that the defendant E. R. Page owns it; and that the plaintiff is not the owner nor is he entitled to the land in possession of the defendant Lewis Pollock.

Thereupon the plaintiff moved for judgment "on the pleadings and findings of the jury," which being refused and judgment rendered for the defendants, he appeals to this court.

The case prepared by the appellant's counsel and sent up in the transcript showing upon its face a want of compliance with the requirements of section 301 of the Code, must be discarded as forming no part of the record, and the sole

question we have to consider is the denial of the motion for judgment.

We find no support whatever in the admitted or undenied allegations of the complaint for the motion, and the averments upon which the equity is asserted (if indeed, being true, they are sufficient to raise an equity for the plaintiff) are expressly disproved by the verdict of the jury.

It is a settled rule in this court that the appellant must assign and show error in the ruling of the court below or the judgment will be affirmed; and upon the record itself the only exceptions we can notice is the want of jurisdiction or that the complaint contains no sufficient cause of action. *Williamson* v. *Canal Co.*, 78 N. C., 156; *Bryant* v. *Fisher*, 85 N. C., 69, and cases therein referred to; *Williams* v. *Council*, 65 N. C., 10; *Hardin* v. *Murray*, 68 N. C., 534; *Simpson* v. *Summey*, 74 N. C., 551.

The suggestion of counsel that, if against the appellant, we award him a writ of *certiorari* in order that a case may be properly prepared and sent up, cannot be entertained when the merits of the case are presented for adjudication. The application should be made before the trial, and if the appellant fails to make it and goes to trial, he must abide the consequences.

It must be declared there is no error and the judgment be affirmed.

No error.                                              Affirmed.