## J. J. MOTT *v.* JOHN A. RAMSAY.

### *Appeal—Certiorari.*

The writ of *certiorari* will be granted, where it appears that the appellant in apt time submitted the case on appeal to the appellee's counsel, who declined to sign it, but suggested that he would prepare another and get the judge to settle the case, and agreed that no advantage would be taken of the delay, but failed to prepare

a case. The appellee waived the code-time and cannot take advantage of his own negligence. The power of this court over writs of *certiorari* touched upon.

(*Parker* v. *Railroad*, 84 N. C., 118; *Wiley* v. *Lineberry*, 89 N. C., 68; *McDaniel* v. *Pollock*, 87 N. C., 503; *State* v. *Lee*, 90 N. C., 652, cited and approved.)

MOTION by defendant for *certiorari*, heard at October Term, 1884, of THE SUPREME COURT.

*Messrs. J. M. McCorkle* and *R. F. Armfield*, for plaintiff.
*Mr. J. W. Hinsdale*, for defendant.

MERRIMON, J. The appellee obtained judgment at the spring term, 1883, of the superior court of Rowan county against the appellant, and the latter appealed to this court, and the appeal was brought up to the last October term. But no statement of the case for this court upon appeal appeared in the transcript of the record.

At that term the appellee moved to dismiss the appeal, and his motion was at first allowed, and afterwards, at the same time, for cause shown, the order of dismissal was set aside, and the case was reinstated on the docket. *Mott* v. *Ramsay*, 90 N. C., 29 and 372.

The appellant then filed sundry affidavits and exhibits, suggested a diminution of the record, and moved that the writ of *certiorari* be granted, commanding the clerk of the superior court to certify to this court the statement of the case upon appeal, when and as soon as the same shall be filed in that court.

It appears that shortly after the appeal was taken, a statement of the case for this court was prepared by the appellant's counsel and submitted to one of the counsel of the appellee; that he declined to approve and sign it, and suggested that it should be submitted to his associate counsel, who knew more of the matter; this was afterwards done, and the latter declined to sign it, but said that he would

prepare a substitute and let the judge settle the case for this court; he said that he could not at that time prepare his statement thereof. It likewise appears that the appellant's counsel, who usually attended this court, was very ill, and did not attend at the last October term, and of this the appellant had no knowledge until late in the term, and as soon as he learned of the illness and absence of his counsel from the court, he at once employed another counsel.

It also appears that the appellant himself was unusually diligent and active in prosecuting his appeal, and the irregularities and delay attending it have been occasioned by the loose and careless practice that ought not to prevail, and that too often results in detriment to parties litigant.

The counsel for the appellee says in his affidavit that he repeatedly told the appellant that " no advantage would be taken of him in consequence of his said appeal not being perfected in the time required by law, but that if the case was perfected in time to be tried at the supreme court (meaning, plainly, the last October term,) that no advantage for the delay would be taken, * * * * and that no statement of the case was sent to the supreme court."

Admitting that the highly respectable counsel for the appellee acted in good faith, it is plain that he agreed that no advantage should be taken of the delay if the case could be tried at the last October term of this court. It appears, however, by the affidavit of the appellant, and this is not denied, that the appellee's counsel refused to approve the statement of the case upon appeal; that he said he would prepare a substitute for it, and then the judge would settle the case upon appeal in the usual way. This he failed to do. So that, it was really the fault, or inadvertence, of the appellee's counsel that the case upon appeal was not settled that so the appellant might have brought it up as part of the record. The failure to file the statement within the time and in the way designated by the statute was ex-

pressly waived, and the appellee failed on his part to take the next step, that he said through his counsel he would take.

It is clear that where the appeal is not perfected through the negligence, delay or inadvertence of the appellee in respect to something that he ought to do, or where he misleads the appellant by what he agrees to do, or not to do, and this appears to the court, the writ of *certiorari* will be granted, to the end, that the appeal may be perfected and brought up to be heard upon its merits. The appellee will not be allowed to take advantage of his own wrong, negligence or inadvertence, to the prejudice of the opposing party. *Parker* v. *Railroad*, 84 N. C., 118; *Wiley* v. *Lineberry*, 89 N. C., 68.

The appeal was taken in apt time. The statement of the case upon appeal was not made, filed and served regularly; but it was submitted to the appellee's counsel, and while he declined to approve it, he said he would prepare a substitute for it and let the judge settle the case. He thus waived the irregularity on the part of the appellant in respect to filing the statement of the case as to time and place. He failed to prepare the substitute as he agreed to do, and ought to have done under the circumstances.

We are therefore of opinion, that the appellant is entitled to have his motion for the writ of *certiorari* allowed, to be directed to the clerk of the superior court, commanding him to certify to this court the case settled upon appeal to the next term, if before that time a case upon appeal shall be settled.

The case for this court may be settled as directed by THE CODE, § 550, with the modification that the appellant may prepare, and serve his statement of the case upon the appellee on or before the 25th day of January next.

The power thus exercised by this court, is incident to its authority to grant and employ the writ of *certiorari* and

render it effective in perfecting records in it. Without the exercise of such power, great injustice would be done in many cases, and sometimes there might be a failure of justice in matters of the most serious moment. THE CODE, § 3545; *McDaniel* v. *Pollock*, 87 N. C., 503; *State* v. *Lee*, 90 N. C, 652.

Let the writ of *certiorari* issue accordingly. It is so ordered.

*Certiorari* ordered.