OLLEY SPARKS v. S. B. SPARKS et als.

## *Certiorari.*

1. A *certiorari*, in lieu of an appeal, will be granted when it appears that the appellant has been guilty of no neglect or delay in prosecuting his appeal. So, where it appeared that the appellant caused a statement of the case to be prepared and served on the appellee, who objected to it, and it was submitted to the Judge who tried the action, but he failed to settle it, whereupon the appellant prepared another case, which was also submitted to the Judge, who again failed to settle the case on appeal; *It was held*, that the appellant was entitled to a *certiorari*.

2. Where a *certiorari* is granted, because no case on appeal has been prepared, the Supreme Court will limit the time within which the case may be prepared and served by the appellant, and in case the parties do not agree, it will be settled as directed by section 550 of *The Code.*

(*Smith* v. *Lyon*, 82 N. C., 2; *Hahn* v. *Guilford*, 87 N. C., 172; *Suiter* v. *Brittle*, 90 N. C., 19; *Mott* v. *Ramsay*, 91 N. C., 249, cited and approved).

PETITION for a *certiorari* filed by the defendant at February Term, 1884, of the Supreme Court.

The facts appear in the opinion.

*Messrs. Battle & Mordecai*, for the plaintiff.

*Messrs. Reade, Busbee & Busbee* and *Batchelor & Devereux*, for the defendants.

SMITH, C. J. This action instituted by the plaintiff against the defendant, her husband, to annul and have declared void an agreement entered into between them, and certain deeds also executed in carrying its provisions into effect, terminated at Fall Term, 1883, of the Superior Court of Yancey, in a judgment rendered upon issues found by the jury in favor of the plaintiff. An appeal was then entered, notice whereof was waived, and a justified undertaking given for the sum fixed by the presiding judge. During the following week, under an agreement of counsel, the appellant's counsel prepared a statement of the case for the Supreme Court and submitted it to the counsel for the plaintiff, who refused to accept it, but entered no written exceptions thereto. The statement, with all the papers in the cause, then passed into the possession of the judge, by whom delivered does not appear, and he carried them away, promising himself to make up the statement embodying the appellant's exception for the appellate court. The defendant had no information that this had not been done, and that none of the original papers, necessary in preparing a transcript of the record proper, had been returned to the clerk's office, until the session of the court in the spring following. Thereupon appellant's counsel prepared a second case which was not approved and accepted by the plaintiff's counsel, and it was agreed that it should be handed to the judge for him to revise and settle. This he failed to do, or to return the papers, and they were procured from him upon application of plaintiff's counsel, near the close of the session, without any case or comment or explanation in regard to its absence, and the appellant was thus

enabled to obtain a transcript of the record proper, which he caused to be filed in this court on the 28th day of April, 1884.

These· are the facts alleged in the verified petition of the defendant for the writ of *certiorari*, to which there are no opposing statements.

Assuming them to be true, we do not see any indications of neglect or delay on the part of the defendant in prosecuting his appeal to induce us to withhold the remedy he seeks. While awaiting the settlement of the case by the judge to whom it was by common consent committed, he could not at once obtain the transcript without it by reason of the absence of the original papers in the cause, and in fact it was sent up at the term next after the trial in accordance with. the rule. *Smith* v. *Lyon*, 82 N. C., 2; *Hahn* v. *Guilford*, 87 N. C., 172; *Suiter* v. *Brittle*, 90 N. C., 19.

It was not the fault of the appellant that his completed transcript was not here when the record proper came up. The retention of the papers obstructed any onward movement in the cause to an early hearing. *Mott* v. *Ramsay*, 91 N. C., 249.

. So, too, the opposing counsel . agree to submit the defendant's last prepared case to the judge who tried the cause, and to await and abide by what he may do. As the purpose to be attained by the issue of the writ is to supply the defect in the record by having the exceptions prepared and sent up, we shall pursue the course adopted in *Mott* v. *Ramsay*, *supra*, at the last term, under similar circumstances, by limiting the time in which the defendant may draw up his statement and serve it on the plaintiff or her counsel to the first day of July next, and in case of disagreement the case must be settled under the directions of The Code, sec. 550. Writ allowed.