## IN RE J. P. PROPST, guardian.

(Filed 14 May, 1907).

1. **Courts—Jurisdiction—Final Judgment—Guardian and Ward—Land—Order of Sale.**—The Court has jurisdiction until the final disposition of the cause to make or set aside orders, and to do all things coming within the scope of the pleadings necessary to protect the interests of the parties. It is proper for the Court, before intervening rights have accrued, upon affidavit of one who has been adjudged an idiot in proceedings before the Clerk, and guardian appointed, to grant a temporary restraining order with notice to show cause, and at the hearing thereof to continue the order to the final hearing, when it appears that the guardian has sold the interest in lands of his ward and made title thereto, without having received the purchase-price, contrary to the provisions of the order of sale.

2. **Guardian and Ward—Sale of Land—Evidence—Duty of Clerk—Procedure.**—Under Revisal, sec. 1798, the Clerk should require satisfactory proof of the necessity to sell land of the ward, in addition to the verified petition thereto of the guardian.

MOTION in a civil action for enjoining the sale of the ward's land by the guardian, heard by *Guion, J.,* at March Term, 1907, of the Superior Court of BURKE County.

Mrs. Laura Carswell was adjudged by the Clerk of the Superior Court, in a proceeding instituted before him, to be an idiot, unable to attend to her affairs. The petitioner J. P. Propst was appointed her guardian.

*In re* PROPST.

In a few days after his appointment he filed his petition in the Superior Court, setting forth that his ward was the owner of an undivided one-fifth interest in a tract of land covered by a dower; that she had no other property, and derived no income from said land; that her co-tenant had offered to sell their interest in the land for some eight hundred dollars for each share; that a sale of the interest of his ward would promote her interest, and that Mrs. Gertrude Propst, who is the wife of petitioner and daughter of his ward, had offered $1,050 for said interest, which sum was a full and fair price therefor. The petition was in due form and, upon the facts set forth, a sale of the land was proper. The Clerk, finding the facts to be true, made an order on 18 February, 1907, directing a sale to Mrs. Gertrude Propst for the said sum of $1,050. This order was approved by the Judge presiding in the Fourteenth Judicial District. On the same day the guardian reported to the Court that he had made sale of the land to Mrs. Gertrude Propst for the said sum of $1,050, and that the same was a fair price, etc. On the same day the Clerk made an order confirming said sale, the order of confirmation concluding as follows: "And the said guardian is hereby directed and authorized to execute a deed therefor upon payment of the purchase-money." This order was also approved by the Judge.

On 6 March, 1907, Mrs. Laura Carswell filed an affidavit in the cause, setting forth that she is a widow with two children; that for the past sixteen years, since the death of her husband, she has managed her own affairs; that about the last of January, 1907, she joined with her brothers and sisters in the sale of the land to the State Hospital. That afterwards, to-wit, 2 February, 1907, a notice was served on her at about 11 o'clock to appear at 12 o'clock, on the same day, at Morganton, for some purpose she did not under-

stand; that she was in the country and did not and could not attend; that she is informed that some proceeding was had in which she was adjudged to be an idiot, and that petitioner had been appointed her guardian; that she has been informed that her said guardian, on or about 25 February, 1907, sold her interest in her father's estate, which she had, prior to his appointment, sold and conveyed to the State Hospital. She asked that the sale be set aside and that her guardian be removed.

His Honor, *Judge Guion,* who had approved the orders in the cause, upon this affidavit made an order reciting the facts set out, and further reciting that no money had been paid by Mrs. Propst for the land, directing the guardian to show cause, before him, at Morganton on 21 March, 1907, why the sale should not be set aside. That pending the hearing of the motion, the said guardian and purchaser be enjoined from interfering with or disposing of the lands, etc. Upon the return day the guardian and Mrs. Gertrude Propst appeared and moved the Court to dismiss the motion, etc., for that:

1st. The Court had no jurisdiction to set aside the sale and the deed made pursuant thereto, etc.

2d. That no motion could be made in the cause because no cause was then pending; that a final decree had been made therein, etc.

3d. That Laura Carswell, having been declared a lunatic and having a guardian, cannot make any motion or maintain any action in the premises.

4th. That it appears upon the face of the affidavit that Laura Carswell had conveyed her interest in the land to the State Hospital and has no interest therein.

5th. For a misjoinder of motions, the removal of her guardian, and setting aside the sale, etc.

Respondents filed an answer to the motion, setting forth at length the status of Mrs. Carswell and her property. That she had executed a deed to the State Hospital for her interest in the land for some three hundred dollars less than the amount for which it was sold by the guardian; that she was not competent to make the sale or execute the deed; that the proceeding to have a guardian appointed for her was instituted by her two children, for the purpose of protecting her interest and having her estate preserved; that she was dependent upon her family and friends for support, etc. It is not stated that any money had been paid by Mrs. Propst for the land. His Honor, upon hearing the affidavit, made an order continuing the injunction to the hearing of the motion, from which Mrs. Propst appealed to this Court, assigning as error the refusal of his Honor to dismiss the motion, upon each and every one of the grounds assigned, etc.

*John M. Mull* for plaintiff.
No counsel for defendant.

CONNOR, J., after stating the case: While we are of the opinion that his Honor properly refused to dismiss the motion of Mrs. Carswell and continued the restraining order, we do not intend to suggest that either the guardian or Mrs. Propst have been prompted in the action by any purpose to take any unfair advantage of Mrs. Carswell or deprive her of her property. We think that his Honor had jurisdiction to make the order and either to hear himself, or direct the Clerk to hear, the evidence upon the motion made by Mrs. Carswell and make such orders as were proper. It is evident that, in the opinion of the children of Mrs. Carswell, she was not competent to dispose of her interest in the land and take charge of the proceeds. The record of the proceeding before the Clerk to have her adjudged an idiot and have a

guardian appointed is not before us. It does not appear that she was brought before the Clerk, or the jury, in person.

While it is not so required by the statute (Rev., sec. 1890), and in many cases would be inconvenient or impracticable to do so, where there is no such reason it would be prudent to have the person whose status and rights are to be so vitally affected personally before the Court, or, at least, to give such notice as will give information of the proposed action in ample time to be present. If the fact be as set out in the affidavit, such notice was not given nor such time allowed. This is all the more important in view of the fact that the verdict of the jury and proceedings thereunder are conclusive until set aside in some proceeding instituted for that purpose. So frequently persons falling within the class called idiots are so nearly on the shadowy border line that nothing but personal examination will enable the jury or Court to pass intelligently upon their capacity to attend to their business. *Arrington v. Short,* 10 N. C., 71; *Sprinkle v. Wellborn,* 140 N. C., 163 (p. 180).

The Court having acquired jurisdiction until a final disposition of the cause and direction of the disposition of the fund, it is competent to make or set aside orders and do all things, coming within the scope of the pleadings, necessary to protect the interests of the parties. In the decree herein the guardian was directed to make title upon the payment of the purchase-money. It seems that he has made title without having collected the purchase-money. The attention of the Court being called to this unauthorized action, it is its manifest duty, before any intervening rights have accrued, to arrest further action until the rights of the ward were protected. It is sometimes difficult to define a decree which deprives the Court of taking further action and compels the parties to resort to a new action. In *Council v. Rivers,* 65

*In re* PROPST.

N. C., 54, *Pearson, C. J.,* citing *Mason v. Miles,* 63 N. C., 564, and other cases, says: "These cases assert the power of the court of equity, upon petition for the sale of lands for the benefit of infants, to compel the purchaser, *by orders made in the cause,* to perform specifically his contract." *Lord v. Beard,* 79 N. C., 5; *Hoff v. Crafton,* 79 N. C., 592; *Murrill v. Murrill,* 84 N. C., 182; *Settle v. Settle,* 141 N. C., 553. Certainly it was proper to stay further encumbrance of the title until the purchase-money was paid. It may be that upon the final hearing it will appear that the rights of the ward have been fully protected; if so, such orders may be made in the premises as are proper. The order of his Honor simply holds the matter in *statue quo* until the final hearing, and in that respect we think it was wisely and properly made.

It is manifest that no inquiry can be made in this proceeding regarding the validity of any deed made by Mrs. Carswell prior to the appointment of petitioner as guardian. We note that no affidavits are filed by disinterested persons regarding the necessity for the sale of the land. This is unusual. The statute (Rev., sec. 1798) contemplates that, in addition to the verified petition of the guardian, the Clerk shall require other satisfactory proof of the truth of the matter alleged. The Judge, exercising the functions of a Chancellor, where sales of this character were made pursuant to proceedings in courts of equity, always referred the petition to the Clerk and Master, who took evidence and reported his conclusions to the Court. It is usual, since these large and important equitable functions are conferred upon the clerks, to accompany the petition with affidavits showing the necessity for the sale. The practice is to be commended and should not, without good cause, be departed from. We note also that the petition was verified on 16 February, the order made on the 18th, and the report of sale and order of con-

*In re* PROPST.

firmation made on the same day, indicating a degree of haste not consistent with that investigation and consideration usual and proper to be had in such proceedings. The sale is made privately to the wife of the petitioner, without any proof that the price is full and fair, other than the statement of the guardian of the ward and husband of the purchaser. It may be that the rights of the ward have been protected, but the safety of titles and prevention of future attacks would have been secured by more circumspection. The records of our courts admonish us that much litigation, frequently involving property interests and character of men after death of the actors, comes from a disregard of rules of procedure based upon experience.

In the present condition of the record we forbear making any observations upon the merits of the case. His Honor correctly refused to dismiss the motion. While it is true that one for whom a guardian is appointed must be represented, in all judicial proceedings, by the guardian, it is entirely proper, either in his own person or through any friend, for him to call attention to any matter then pending and under the control of the Court, to the end that it may be investigated and his rights protected. The judgment of his Honor must be affirmed, to the end that other and further proceedings may be had in the cause.

Affirmed.