JOHN STALEY, *et al. v.* B. A. SELLARS, *et al.*

The Clerk of the Superior Court is not styled in the Constitution " Probate Judge," nor is he directed to be so styled by any act of assembly, and his Probate jurisdiction is incident to his office of Clerk.

Hence, a motion to dismiss a special proceeding because it was addressed to the Clerk of the Superior Court, instead of to the Judge of Probate, was properly refused.

*Hunt v. Snead*, 64 N. C., 176, cited and approved.

This was a special proceeding begun April 8th, 1869, by summons and made returnable before the Clerk of the Superior Court of ALAMANCE County in twenty days after service, and was returned duly served on all except James Mooie and Frances Sellers. The plaintiffs on April 12th following, filed this complaint. The party defendants served filed their several answers in the clerk's office.

At Spring Term, 1869, of ALAMANCE Superior Court, and after the above proceedings were had, the above entitled cause was entered on the summons docket of that term, when and

where an order was made referring it to the Clerk of the Superior Court to take and report the account of B. A. Sellers and others, as the administrators of Thomas Sellars deceased. The cause remained on the Superior Court docket under the order of reference until Spring Term, 1870, when the Clerk reported an account, &c., whereupon the Court made an order in the cause remanding the cause *to the Judge of Probate,* directing that all the issues involved be committed to said Judge of Probate, with all right of amendment of pleadings, so as to give that officer the same jurisdiction as if it originally had commenced in his Court. After this order, the clerk acting as Probate Judge issued notice to the parties to appear before him, &c., in November, 1870, when and where the plaintiffs appeared, and B. A. Sellars, Esq., in behalf of himself and as the attorney of seven other defendants made appearance for said defendants. On opening the cause, B. A. Sellars, Esq., moved to dismiss said special proceedings, on the grounds that the original process was returnable to the Superior Court which had not original jurisdiction, and that jurisdiction cannot now be given by consent, and also because defendants had no notice of any amendments to the proceedings now before the Court; which motion was overruled, and an appeal taken to the Superior Court. At Fall Term, 1870, before *Tourgee, J.,* the said B. A. Sellars, as Attorney for the defendants, moved to dismiss said proceedings for the reasons assigned before the Clerk of the Superior Court, which motion was overruled, and defendants appealed.

*Dillard & Gilmer,* for plaintiffs.
*Gorrell,* for defendants.

RODMAN, J. An objection to proceeding before the Clerk seems somewhat ungracious after the consent given to the order of the Judge of the Superior Court, remanding the case to him. That consent implied leave to make any formal amend-

STAILEY, *et al. v.* SELLARS, *et al.*

ments necessary to give the Clerk jurisdiction, if any should be necessary. The objection touches merely a form. It is conceded that the Clerk has jurisdiction of the cause: it has been several times so decided in this Court, *Hunt* v. *Snead*, 64 N. C., 176. But it is said that the summons should have required the defendants to appear before the Clerk as Judge of the Court of Probate, and not as Clerk. If there had been a mistake merely in the title of the Court, producing no uncertainty as to what Court was intended, it might have been amended, and under the order by consent, must be regarded as having been amended. It would also have been waived by appearance and pleading. But there was no mistake. The Clerk of the Superior Court has by law a certain jurisdiction for the probate of deeds and wills, &c. But he is not styled in the Constitution, "Probate Judge," nor, so far as we know, is he directed to be so styled by any act of Assembly. His probate jurisdiction is incident to his office of Clerk, and his legal style and title is "Clerk of the Superior Court." It is permissible to speak of him in pleadings, and in common speech as Probate Judge, provided no ambiguity or uncertainty results. The question whether consent can give jurisdiction to a Court does not occur. The action was properly brought; the Clerk had jurisdiction; and the action was never regularly removed from before him. When it appeared on the docket of the Judge of the Superior Court, he properly ordered it to be taken off, and remanded it to the Clerk. No consent was required for this. The judgment below is affirmed, and this opinion will be certified to the Clerk of the Superior Court of Alamance to the end that he proceed in the action according to law.

PER CURIAM.                                        Judgment affirmed.