B. F. HOUSTON, Ex'r. v. WILLIAM H. HOWIE, and others.

*Construction of Will—Practice—Jurisdiction.*

1. A testator, in the second clause of his will, bequeathed to certain relations of his deceased wife "all that part of my property that I now have that I got with or by my wife, to be equally divided between them, *to be separated from my other property*," by A and B. In the third item he bequeathed to his own relations by blood "all the *balance* of my household furniture and bedding," and in still another clause (Item 7) he directed his plantation to be sold by his executor, and the

proceeds of said sale "together with any moneys on hand or debts due me, (which debts I desire my executor to collect) and after taking out the aforesaid bequests, be divided into two shares,"—and paid to certain legatees therein named; *Held*, that a legacy bequeathed to the testator's wife by her grandfather, but which was never reduced into possession by the husband in his lifetime, and remained unpaid until collected by the husband's executor, did not pass to the deceased wife's relations as property which the testator had "got" from her, but went to those entitled under item 7 of the will.

2. Where proceedings to obtain the construction of a will are commenced by the executor before the superior court clerk or judge of probate, and then transferred to the superior court in term for the adjudication of the judge, the decision of the latter, rendered without objection, will not be reversed on appeal by reason of a defect of jurisdiction, first urged in this court.

(*Davis* v. *Davis*, 83 N. C., 71; *Heilig* v. *Foard*, 64 N. C., 710; *Rowland* v. *Thompson*, 65 N. C., 110; *Haywood* v. *Haywood*, 79 N. C., 42; *Bratton* v. *Davidson*, 1b., 423; *Staley* v. *Sellars*, 65 N. C., 467; *Cheatham* v. *Crews*, 81 N. C., 343; *Tayloe* v. *Bond*, Busb. Eq., 5, cited and approved.)

CONSTRUCTION of a will heard at Fall Term, 1879, of UNION Superior Court, before *Buxton*, *J.*

Josiah Craige died in 1863 leaving a will in which are contained the following bequests:

Item 2. "I give and bequeath unto my sister-in-law, Sarah E. Howie, and my brother-in-law, George R. Winchester, all that part of my property that I now have, that I got with or by my wife, to be equally divided between them, to be separated from my other property by Eliza Winchester and Sarah E. Howie."

Item. 3. "I give and bequeath to my sister, Rachel Helms, and Leander Craige, all the balance of my household furniture and bedding, to be equally divided among them, the aforesaid bequest to include my saddle and bridle and trunk, to be divided between them by my father and executor."

Item 7. "My will and desire is that my plantation be sold to the highest bidder, on such terms as my executor

may deem most beneficial to my estate, and that the proceeds of said sale, together with any moneys on hand or debts due me (which debts I desire my executor to collect) and after taking out the aforesaid bequests, be divided into two shares, one share to be paid to Rachel Helms, the other share paid to H. B. Craige," with certain trusts imposed on the estate given to Leander Craige, not material to be stated in detail.

The wife of the testator, Josiah Craige, under the will of her grandfather, John Walker, became entitled to a legacy which was not reduced into possession by her husband during her lifetime, nor after her death during his own, he having survived her; but it has since been collected by the plaintiff, his executor.

This suit is instituted against the defendants, who assert their conflicting claims to the fund under the recited clauses in the will, to obtain the advice and direction of the court as to their proper construction and the rights to the parties to the legacy in the plaintiff's hands. The plaintiff who is the personal representative of the father of his testator, also sets up a claim thereto in that capacity, if there is an intestacy as to the fund. The answers admit the facts set out in the complaint and prefer their several demands as they are stated by the plaintiff.

Thereupon, the judge below held that Sarah E. Howie and George R. Winchester are only entitled to such articles of personalty as came into possession of the testator with or by his wife, and are not entitled to the fund claimed by them; but that Rachel Helms and Leander Craige under the 7th clause of the will, take the fund, and that there is no intestacy. From this ruling Howie and Winchester appealed.

*Messrs. Wilson & Son*, for plaintiff.
*Messrs. Payne & Vann, D. A. Covington, G. V. Strong* and *W. H. Pace*, for the several defendants.

SMITH, C. J.   The argument on behalf of the claimants under the second item exhibited much research and careful study, and was pressed with great earnestness, but entirely fails to satisfy us that the terms of that bequest are sufficiently comprehensive to embrace this portion of the wife's estate, or that such was the intention of the testator to be ascertained from the words in which it is expressed.

This fund belonged to the estate of the wife, and could only be recovered by her administrator, and was first applicable to her debts if she had any.   It did not specifically and in a legal sense belong to her surviving husband, whose right thereto as her distributee could only be asserted through the course of administration by which it has reached his executor.   It was not therefore in the testator's own language, " my property that I now have that I got with or by my wife," as it had not then been reduced to possession and thereby become his own.   Nor was it property which required the agency of any one to separate this from his other property, as he directs to be done by the two persons named in the concluding words of the clause.   That kind of property was manifestly in the testator's mind, which, derived through his wife, had become mixed with other similar property of his own and required judgment and perhaps personal knowledge to make the division and separate that intended for the legatee relatives of his wife. Certainly a definite pecuniary legacy unrecovered could not fairly come within the purview of his words, nor of his expressed intent.

The interpretation is strengthened by what is said in the succeeding and third item, wherein is bequeathed to the other defendants, his sister Rachel and Leander Craige, "all the balance of his (my) household furniture and bedding to be equally divided between them ;" thus indicating, after the division has been made and the two kinds of property separated, a purpose to dispose of the residue to

other persons of his own blood. These clauses construed in connection in our opinion point to property which by no reasonable intendment can be extended to take in the fund in dispute.

In the last item of the will, the testator directs the sale of his plantation and the proceeds thereof, " together with any moneys on hand or debts due me," after deducting previous bequests to be "divided into two shares, one share to be paid to Rachel Helms, the other share paid to H. B. Craige " who is appointed by the will trustee for Leander Craige. The latter seems not to have been made a party to the suit. While in a strict interpretation, the legacy to the wife is neither money on hand nor a debt due the testator, yet in a more liberal sense, and especially aided by the words " which debts I desire my executor to collect," must be understood to have been used to comprehend whatever moneys might thereafter accrue in enlargement of his estate, as well that derived from his wife's estate, as that paid by a debtor to his own. It is plain the testator undertook to dispose of all his estate and to die intestate as to none, and this general intent will be effective when it can be by putting any reasonable interpretation upon his words which will avoid an intestacy.

In the argument it was insisted that the action originated in the court of probate which is without jurisdiction, and must be dismissed. Whatever force there may be in the objection, if applicable to the case, it is not supported by the facts as we interpret the record. No summons seems to have been issued, and the only evidence that the cause was ever in the probate court is found in the caption to the complaint and answers drawn by counsel. The first judicial recognition of it is the order of transfer for trial made in the superior court, as shown in the marginal entry and signed by the clerk in his official capacity as such. It is heard by the judge without objection to the mode in which

the case reached the superior court, with acquiescence in his exercise of jurisdiction in the premises, and from his judgment the appeal is taken. The case would seem thus to be properly constituted in the superior court, and not within the principle applicable to an appellate jurisdiction. *Davis* v. *Davis,* 83 N. C., 71. The action seems to have been a special proceeding instituted in accordance with the act of 1868–'69, and transferred because questions of law are involved. Bat. Rev., ch. 45, § 147 ; *Heilig* v. *Foard,* 64 N. C., 710 ; *Rowland* v. *Thompson,* 65 N. C., 110 ; *Haywood* v. *Haywood,* 79 N. C., 42 ; *Bratton* v. *Davidson, Ib.,* 423. These cases point out the proper practice.

But if the construction of the will, and directions as to the discharge of its trusts when asked by the executor for his guidance, was heretofore the function of a court of equity which is now vested exclusively in the judge of the superior court, the jurisdiction exercised is fully sustained by the ruling in *Staley* v. *Sellars,* 65 N. C., 467, and *Cheatham* v. *Crews,* 81 N. C., 343, and references in the latter.

In *Staley* v. *Sellars,* the process was made returnable before the clerk and was entered on the summons docket of the superior court where it remained under an order of reference to the clerk for two terms, and was then remanded to the jurisdiction of the probate judge. A motion to dismiss was made before the clerk, and on his refusal an appeal taken and the motion renewed before the judge. On his refusal and on appeal to this court, the judgment below was affirmed.

In *Cheatham* v. *Crews,* the summons was made returnable before the clerk and the complaint and answers filed in his office. The cause was then transferred to the superior court in term time, and a motion before the judge made to dismiss the proceeding for want of jurisdiction as relied on in the answer. The court allowed the process to be amended so as to make it in form returnable to the term and refused

to dismiss, and the ruling was sustained in this court. This differs from the present case only in the fact that no amendment is now necessary, as was then required.

The court then had full cognizance of the cause, and for the first time, the objection is here taken, after acquiescence in the exercise of jurisdiction by the judge. When the advice and direction of the judge are sought by an executor or other trustee, for his own protection, they will only be given to remove present practical difficulties encountered in administering the trust, and the opinion can be enforced. The practice with its limitations is explained by the chief justice in *Tayloe* v. *Bond*, Busb. Eq., 5.

No error.                                    Affirmed.