## STATE *v.* WILLIAM CAUBLE.

The Superior Courts have the power to amend a warrant issued by a Justice of the Peace against a person refusing to work the road, by inserting the State as plaintiff instead of the overseer.

An order, issued by the Township Board of Trustees, appointing a person overseer of a road, is proper evidence of such appointment and is admissible.

Section hands employed on our Railroads at regular wages, are not thereby excused from working on the public highways of the country.

CRIMINAL ACTION, (for refusing to work on public road, Bat. Rev., chap. 104, sec. 10,) tried before *Albertson, J.*, at the special (August) Term, 1873, of the Superior Court of ROWAN county.

The action was commenced by warrant, in the name of John Barger against the defendant, charging him with refusing or neglecting to work on the public road, of which Barger had

been appointed overseer. It was tried first by a Justice of the Peace and judgment given against defendant, from which he appealed to the Superior Court. Before submitting the case to the jury, on motion of the Solicitor, the warrant was amended by inserting the State as plaintiff, in lieu of John Barger, the prosecutor. To this amendment defendant objected.

The jury found the defendant guilty, subject to the opinion of the Court upon the following facts:

That the defendant is, and has continually been, since August, 1868, a section hand upon the Western North Carolina Railroad, and was thus engaged when summoned to work the public road by the prosecutor; that his duties as section hand required all his time and attention, frequently having to work all night; that among other duties, the section hands keep the road bed in repair, and to perform other work requiring experience and skill; and if they be taken away it greatly increases the liability to accidents, thereby endangering the lives of passengers. If upon the above state of facts, the Court is of opinion that the defendant is excused from working on the public road, then the jury find the defendant not guilty; if the Court is of opinion that the defendant is not excused because of such facts, then the defendant is guilty, as charged.

The Court being of opinion that the facts stated did not excuse the defendant, he was found guilty.

Defendant moved for a new trial on the ground:

1. His Honor received as evidence the order of the Township Board of Trustees appointing the prosecutor and delegating certain hands to work with him;

2. His Honor permitted evidence to be introduced tending to prove that defendant lived within the district assigned to the overseer to get his hands from;

3. The Court rejected the testimony of the defendant in his own behalf, because this is a criminal action;

4. The Court permitted the warrant and other process to be amended by inserting the State in place of the name of John Barger, the prosecutor.

Motion for a new trial overruled.    Judgment and appeal by defendant to this Court.

*McCorkle & Bailey,* for defendant.

1. Order insufficient.    *Woolard* v. *McCollock,* 1 Ire. 432; *Tarkington* v. *McRae,* 2 Jones, 47.

2. The section hands on railroads are not within the spirit and reason of the law compelling people to work the ordinary highways.    The railroads are highways, and every consideration of public policy requires that the section hands should not be taken away.    *Davis* v. *Raleigh & Gaston Railroad Co.* 2 Dev. & Bat., 451.

*Attorney General Hargrove and Jones & Jones,* for the State.

BYNUM, J.    This was a criminal action against the defendant for failure to work on the public road, founded on sec. 10, ch. 104, Bat. Rev.    On the trial in the Superior Court, several objections were raised by defendant.

1. That the Court had no power to amend the warrant by striking out the name of John Barger as plaintiff, and inserting the name of the State as prosecutor.    The power of the Court to make any amendment in furtherance of justice is ample.    C. C. P., sec. 132.    The change did not affect the defence or take the defendant at a disadvantage, and he, therefore, has no cause of complaint.

2. That the order of the Board of Township Trustees, appointing the overseer and designating his district and hands, was inadmissible evidence.

The ground of this objection was not stated and cannot be seen.    The authority of the overseer was a necessary part of the plaintiff's case, and there could be no higher evidence of this, than the order itself.    The legal effect of the order, after it was put in evidence, is another question.    To bring the de-

fendant within the operation cf this order, the State introduced a witness to prove that the defendant resided within the road district embraced in the order, and was therefore liable to road duty. This would seem to be enough to put him upon his defence, and he thereupon :

3. Offered himself as a witness in his own behalf. This was objected to by the State, and he was ruled out by the Court, properly ; 1st. Because the defendant did not set forth what he proposed to prove by his own evidence, so that the Court could see that it was competent, and 2d, because this is a criminal action, and he is, by law, not competent to give evidence in his own behalf. Bat. Rev., ch. 43, sec. 10.

4. The last objection was grounded on the special verdict, finding that the defendant, at the time he was notified to work the road, was a section hand and in the constant employ of the Western North Carolina Railroad Company, and his duties required him to be always there.

Admit that a railroad is a public highway, yet the defendant cannot discharge himself from a public duty, by hiring himself to work another highway for wages. There was no authority in the railroad company, and no law, to compel his services there, and he cannot escape an important and necessary public duty by such an evasion. There was but one mode of discharging himself from working this road, and that was by applying to and obtaining from the Township Trustees an exemption from road duty, on sufficient cause shown. Bat. Rev., ch. 104, sec. 13. This the defendant failed to do, and he must take the legal consequences of his own contumacy. The recent law, making a failure to work the public roads a criminal offence, is a wise one, and if rigidly enforced, will be of great public benefit, in a direction where it is much needed.

PER CURIAM.                                     Judgment affirmed.