STATE v. CHARLES W. CRAIG.

*Roads—Bar Pilot not exempt from working.*

1. A "bar pilot" otherwise liable under the act of 1879, is not on that account exempt from working on the public roads.

STATE *v.* CRAIG.

2. But if his presence is required in any matter connected with the pilotage on the day he is summoned to work the road, it would avail him as a defence in a criminal action for a refusal. His performance of the one duty would excuse the non-performance of the other.

CRIMINAL ACTION for failure to work a Public Road commenced before a Justice of the Peace, and tried on appeal at May Special Term, 1879, of NEW HANOVER Criminal Court, before *Meares, J.*

The jury found a special verdict: "That defendant was duly summoned by the overseer of the road to work upon the same; that the road was a public one, and the overseer duly appointed; that defendant refused to work, on the ground that he is a bar pilot on the Cape Fear river and exempt from road duty; that defendant is a licensed bar pilot and has given bond required of him by law, and is subject to the rules and regulations of the board of commissioners of navigation for the Cape Fear river and bar; that said rules require a pilot to forfeit and pay one hundred dollars if he fails or refuses to go to the assistance of any vessel on the coast having a signal for a pilot, if he shall see the same, or shall hear the report of a gun of distress off the coast; that under said rules, no pilot shall absent himself from his station for over twenty-four hours without the permission of the chairman of said board : that if any pilot shall fail to be on board of any vessel at the time set for sailing, he shall forfeit and pay ten dollars a day unless he has personal charge of some other vessel; and that pilots have never been required to work on public roads within the memory of man." And thereupon the court held that the defendant was not guilty, and *Moore,* solicitor for the state, appealed. (See *State* v. *Cauble,* 70 N. C., 62.)

*Attorney General,* for the State.
*Messrs. Gilliam & Gatling,* for the defendant.

ASHE, J. The only question presented by the record in this case is whether the defendant, being a regularly appointed pilot, was exempted from working on the public road in the township in which he resided.

There is no doubt but that pilots should be relieved from this and every other public duty, which would divert them from the constant vigilance which their calling demands; and if we had the power we would unhesitatingly grant them an exemption, but to do so would be encroaching upon the province of the legislative branch of the government.

An act was passed by the legislature of 1879, entitled " an act to provide for keeping in repair the public roads of the state," the fourth section of which reads: " All able bodied male persons between the ages of eighteen years and forty-five years shall be required under the provisions of this act to work on the public roads, except the members of the board of supervisors of public roads, not less than three days in each and every year." Laws 1879, ch. 82, § 4.

The act is very broad in its terms, and exempts no male person who is physically able to perform the requisite work on a road, except the members of the board of supervisors of public roads, who are incorporated by that act, and consist of the justices of the peace in each township. These are the only able bodied male persons of any class or condition that are exempted. If any person is disqualified by disease, infirmity, or any other physical disability, he is not required to perform this duty, and while the act is silent as to the mode of obtaining an exemption, we take it that the certificate would have to be obtained from the board of supervisors of public roads, who in this regard succeed to the powers of the township board of trustees.

While pilots are not exempted, we are of the opinion that if on the day they are summoned to work on the roads, any emergency should arise, or there should be any call to duty in any matter connected with the pilotage which should

require their presence elsewhere, it would be a good defence
to a criminal action for refusing or failing to work on the
road.    There might be two public duties to perform, as in
this case, of so different natures that they could not be dis-
charged on the same day.    In such a case the performance
of the one duty should excuse the non-performance of the
other; as in the case of a witness subpœnaed to attend two
courts on the same day, he may elect which he will attend,
and as the law does not require impossibilities at the hands
of any one, his obedience to the one subpœna is a good excuse
for failing to comply with the commands of the other.
There is error.    The judgment below is reversed.    Let this
be certified to the criminal court of New Hanover county
that further proceedings may be had in accordance with
this opinion and the laws of the state.

  Error.                                        Reversed.