J. B. REYNOLDS and another v. J. C. SMATHERS and others.

*Amendment—Pleading—Counterclaim.*

1. An amendment which includes a change of plaintiffs is allowable, and the defendant's demurrer was properly overruled.

2. A complaint without verification is not subject to a motion to dismiss; its effect is to dispense with the oath in support of any subsequent pleading.

3. An answer setting up a counterclaim, but which fails to show that the same subsisted between the parties when the action was begun, or that it arose out of, or was connected with the subject of the plaintiff's action, is demurrable.

(*Bullard* v. *Johnson*, 65 N. C., 436; *State* v. *Cauble*, 70 N. C., 62; *March* v. *Verble*, 79 N. C., 19; *Cheatham* v. *Crews*, 81 N. C., 343; *Gilchrist* v. *Kitchen*, 86 N. C., 20, cited and approved.)

CIVIL ACTION tried at Spring Term, 1882, of MECKLEN-BURG Superior Court, before *Gudger, J.*

S. C. Burchard, one of the plaintiffs, pursuant to the summons issued against the defendants, filed his complaint and alleged an assignment to him by the partnership firm of Smathers & Forbis of a claim held by them against the defendants, for goods sold and delivered, in the sum of $253.30, (the particulars being set out in an exhibit) and payable at sixty days from November 8, 1878, no part of which has been paid.

The defendant, J. C. Smathers, answering for himself and co defendants, denies the averments of the complaint, as to the plaintiff's right as assignee, and, upon information and belief, says that the whole stock of merchandize, including the accounts, notes and other property of said firm were assigned and conveyed to one J. B. Reynolds, or some one to them unknown, in trust to secure creditors, and the trust, as they are informed and believe, remains undischarged.

Thereupon at July term, 1881, the amended complaint, filed by leave of court, substituted the said J. B. Reynolds as plaintiff, and as thus changed, reiterated the allegations contained in the first complaint.

The defendant demurred to the amended complaint, assigning grounds as follows:

1. The facts contained in the amended are materially different from those in the original complaint.

2. There is a variance between the summons and the amended complaint.

3. The complaint fails to allege that the debt sought to be recovered is due to the plaintiff, or that he has any interest therein.

His Honor overruled the demurrer and gave the defendants leave to answer within twenty days.

The defendants then moved to dismiss the amended complaint for want of a proper verification—the original complaint and answer having been put in on oath. The court held the verification to be insufficient, but refused the motion, declaring the amended complaint to be an unverified pleading, and to be treated as put in without oath. Defendants excepted.

Thereupon the defendants answer, denying in a single clause the four enumerated articles constituting the complaint, inclusive of the alleged assignment averred in their first answer, and say—

1. The plaintiff has taken possession of and applied to his own use a large amount of property belonging to said firm, and fails to account for the same.

2. That this firm became largely indebted to the defendants before this suit, by reason of an assignment to them of his notes of over $1100, due by said firm.

3. That the plaintiff under the assignment of said trust, claims to have taken possession of property of the debtors (the said firm), but he has failed to pay the indebtedness due the defendants; and,

4. That plaintiff has, or ought to have, in his hands funds applicable to, and which should be applied in payment of defendants' claim.

To this answer the plaintiff demurs, and assigns for cause of demurrer,

1. That the answer does not say that the defendant (referring to the said J. C. Smathers) is now, or was at the commencement of this action or the filing of the answer, the owner of the notes mentioned therein.

2. Nor does it state that the notes were executed by the said firm upon their transfer of the claim sued on to the plaintiff.

.3. The notes are not sufficiently described in the answer to enable the plaintiff, or the court, to ascertain their terms or amount.

4. It is not alleged that the defendant is, or ever. was, owner of the notes, or had any property therein.

5. Nor that they are secured in the deed of assignment, or can they be identified as such, if secured.

The plaintiff's demurrer was sustained, and the parties went to trial before a jury who find all the issues in favor of the plaintiff. Judgment for plaintiff against the defendant, J. C. Smathers, for the amount of plaintiff's demand and costs, (a *nol. pros.* having been entered before verdict as to the other defendants), and the defendant appealed.

*Messrs. Jones & Johnston*, for plaintiff.
*Messrs. Reade, Busbee & Busbee*, for defendant.

SMITH, C. J. There were some exceptions taken during the progress of the trial which were not pressed or relied on in the argument, and we advert to them only to say, that we regard them as untenable. We will consider the others.

1. The amendment authorized by the court, in our opinion, included a chavge of plaintiffs, and within the competency of the court to permit. An amendment in changing plaintiffs has been repeatedly allowed. In *Bullard* v. *Johnston*, 65 N. C., 436, and *State* v. *Cauble*, 70 N. C., 62, such substitution was made in the superior court upon an appeal from a judgment of a justice of the peace. And in *March* v. *Verble*, 79 N. C., 19, a plaintiff was made during a trial before a jury. See also, *Cheatham* v. *Crews*, 81 N. C., 343; *Gilchrist* v. *Kitchen*, 86 N. C., 20, and numerous cases of amendment.

2. The demurrer to the amended complaint, if not frivolous, rests upon no substantial grounds, and the causes assigned are entirely insufficient. It was therefore properly overruled.

3. The defendant's motion to dismiss the amended complaint was irregular in itself, and was properly refused. The only regular motion that could be made was to withdraw it from the files, and if put in that form, it should have been denied. The effect of filing an unverified pleading is to dispense with the oath in support of any subsequent pleading.

4. The demurrer to defendant's counterclaims was rightfully sustained. These were neither set out and shown to be within section 101 of the Code, and subsisting between the parties when the action was begun, nor are they described as arising out of the contract set out in the complaint, or connected with the subject of the plaintiff's action, so as to be capable of being thus asserted.

Upon a consideration of the whole record, we find no error, and the judgment must be affirmed.

No error. Affirmed.