STATE v. FORTUNE JOHNSTON.

*Resident of the State—Liable to Public Service—Highways—Road Duty.*

Where an able-bodied male person between 18 and 45 years of age resides in this State and pursues a vocation for its income for an indefinite period, he is liable to road duty under Section 2017 of *The Code* although he is a citizen of another state to which he intends to return when he finishes his present employment.

THE DEFENDANT was tried and fined by a justice of the peace in HALIFAX for disobedience to a summons of a road overseer to work on a public road, and was again convicted on appeal heard before *Meares, J.,* at December, 1895, Term of the Criminal Court of HALIFAX County. The jury returned a special verdict, the substance of which is set out in the opinion of Chief Justice FAIRCLOTH and from the judgment of *Meares, J.,* defendant appealed.

*The Attorney General,* for the State.
*Mr. Thomas N. Hill,* for defendant (appellant).

FAIRCLOTH, C. J.: From the special verdict these facts appear : That the defendant, who has never married, was a citizen of Virginia, where he still votes and pays taxes, until January, 1895, when he came to Halifax county, North Carolina, and engaged to work as an employee and laborer of the " Enfield Lumber Co.," at one dollar per day, in loading cars and log trains, and so continued to work until July 3, 1895, when he was duly summoned to work on the road in the township in which he was at work. That defendant is still at work as aforesaid and intends to return to Virginia when he gets through with his job with

said company, but he does not know when this will be; that he has never listed for nor paid poll or any other tax, or registered or voted in North Carolina, but has performed all those acts in Virginia, and that he is 29 years of age.

The verdict and authorities cited by defendant's counsel show that he is not domiciled in nor a citizen of North Carolina, so these questions need not be considered.

Does *The Code*, Section 2017, embrace the defendant as a resident? It provides that " All able-bodied male persons between the ages of eighteen years and forty-five years " shall be required to work on public roads, except those exempted by Sections 2017 and 2018 of *The Code*. The defendant's liability then depends upon the true intent and meaning of Section 2017. He is an " able-bodied male person," and has resided in Halifax township, in said county, since January, 1895, working for pay and says he expects to continue doing so until he finishes his job at some future time, he does not know when, and then return to Virginia. This may mean one or many years. We think a reasonable construction of Section 2017 includes the defendant as one liable to road duty. We think his case is distinguisable from those of sojourners or visitors for health or pleasure, who are not engaged in business for profit and are without any fixed home. The case of *Cantrell* v. *Pinkney*, 8 Iredell, 436, is not on " all fours " with the present, because there the defendant had a dwelling house in this State where he and his family habitually lived for four months in the year and claimed exemption from toll at the gate, as all citizens of that county were entitled to by law. Of course he was liable.

In *State* v. *Cauble*, 70 N. C., 62, the defendant was a section hand and in the constant employ of the railroad company and his services were constantly needed by the

railroad company, and it was held that the defendant could not escape a public duty by engaging in another urgent private business and that he was liable to road duty. In our case the defendant selects and pursues his vocation for its income as any citizen of the State. We hold that he is liable, not as a citizen, but as a resident according to the facts found by the special verdict and the intent of the Legislature.

Affirmed.