STATE v. T. C. JOHNSON.

(Filed 19 November, 1924.)

1. **Schools—Criminal Law—Statutes — Indictment—Compulsory Attend-
ance.**

For a conviction under the provision of C. S., 5758, it is necessary for
the indictment to allege, and the State offer evidence tending to show not
only that the parent or guardian of the children within the described
age had failed or refused to send them to the public school within the
district, but also that such child or children had not been sent to attend
school periodically for a period equal to the time which the public school
in the district in which they reside shall be in session.

2. **Indictment—Amendment—Courts—Schools—Statutes.**

Where the indictment in the court of a justice of the peace does not
sufficiently allege the failure of the parent or guardian to send the child
to another than the public school in the district, as required by C. S.,
5758, an amendment may be allowed by the judge of the Superior Court
to cure the defect and proceed with the trial: but such amendment may
not be allowed in the Supreme Court on appeal over an error committed
in the instructions of the trial judge to the jury to the defendant's
prejudice. C. S., 1500 (12), (13).

3. **Same—Evidence—Burden of Proof—Appeal and Error—Instructions.**

Where the indictment is defective in failing to charge that a parent
or guardian had also failed to send the child or children to another than
the district school, etc., under the provisions of C. S., 5758, and the
State offers no evidence in respect to it, it is not required that the parent
or guardian offer evidence to show that he had complied with this proviso
of the statute; and an instruction of the court to the jury placing the
burden upon the defendant to so show, is reversible error.

CRIMINAL ACTION heard on appeal from a justice's court before
*Shaw, J.,* and a jury, at April Term, 1924, of ANSON.

The action is intended as a prosecution under the compulsory school
attendance law, C. S., 5758, etc., and thus far the only charge appearing
in the record against defendant, and on which he was convicted, is con-
tained in the justice's warrant, which is as follows:

"To the constable or other lawful officer of Anson County, Greeting:

Whereas, complaint has been made to me this day, and on the oath
of Miss Mary Robinson, that T. C. Johnson, did, on the fall day of
1923, January, 1924, unlawfully and willfully, with force and arms, at
and in the county aforesaid, T. C. Johnson being the father of certain
children between the ages of seven and fourteen has failed or refused
to send the same to the public school of his district as required by the
laws of North Carolina, contrary to the statute made and provided, and

against the peace and dignity of the State. Vivian Johnson, aged 7 years, Fannie Johnson, aged 9 years, Rachel Johnson, aged 11 years, Flora Johnson, aged 13 years, *these are therefore to command you* to forthwith apprehend the said T. C. Johnson and him have before me at my office in Wadesboro Township, on the 29th day of January, at 3 p. m., 1924, then and there to answer to the said charge, and be dealt with according to law.

Given under my hand and seal this 25th day of January, 1924.

J. E. GRAY, J. P. (Seal)

Cause having been removed on affidavit, was heard before M. W. Gaddy, J. P., in the county. Defendant convicted and appealed to the Superior Court. On calling cause, defendant demurred to the warrant and moved to quash same in that it failed to charge criminal offense, motion overruled, and defendant excepted. On plea of not guilty and evidence submitted, defendant was convicted in the Superior Court, and from judgment thereon excepted and appealed assigning errors, among them:

1. The refusal to sustain his demurrer and motion to quash.

2. Several exceptions made by him to the charge of the court.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Brittan & Brittan, M. C. Lisk, A. A. Tarlton for defendant.*

HOKE, C. J. The statute on which the prosecution is based, C. S., 5758 is as follows:

"Parent or guardian required to keep child in school; exemptions. Every parent, guardian, or other person in the State having charge or control of a child between the ages of eight and fourteen years, shall cause such child to attend school continuously for a period equal to the time which the public school in the district in which the child resides shall be in session. The principal, superintendent, or teacher who is in charge of such school shall have the right to excuse the child from temporary attendance on account of sickness or distance of residence from the school, or other unavoidable cause which does not constitute truancy as defined by the State board of education."

And the penalty imposed contained in sec. 5761, is a fine of not less than five dollars nor more than twenty-five dollars.

It will be noted that the statute does not make the failure to cause the attendance of children in the public schools a crime, but defines the offense as the failure on the part of the parent or guardians having

control of children of the specified ages to cause them to attend "school" continuously for a period equal to the time the public schools of the district shall be in session.

In the warrant defendant is. charged only with a failure to cause attendance in the public schools, and does not therefore contain the charge of a criminal offense, and should have been quashed or amended so as to state properly and sufficiently the charge insisted upon by the State.

In Clark's Criminal Procedure, page 359, the principle is stated as follows:

"It is the rule that all indictments upon statutes must state all the facts and circumstances which go to make up the offense as defined in the statute, so as to bring the defendant precisely within it. 'I take it for a general rule,' it is said by Hawkins, 'that, unless the statutes be recited, neither the words *"contra formam statuti"* nor any periphrasis, intendment, or conclusion will make good an indictment, which does not bring the fact prohibited   or commanded, in the doing or not doing of which the offense consists, within all the material words of the statute.' Offenses created by statute, as well as offenses at common law, must be accurately and clearly described in the indictment. It is a universal rule that no indictment, whether at common law or under a statute, can be good if it does not accurately and clearly allege all the ingredients of which the offense is composed."

Even under a statute containing a proviso or an exception if the terms of the proviso are but a part of the description of the offense itself, they must be negatived in the indictment or warrant, and as a general rule, such negative averments must be proved by the prosecution. *S. v. Connor,* 142 N. C., pp. 700-704.

Under the broad powers of amendment, as to justice warrants, both in criminal and civil matters, C. S., 1500, subsecs. 12 and 13, the defect might have been cured by amendment on motion made in the Superior Court. It may be in cases when the evidence is all set forth giving proper assurance as to the offense established against a defendant, an amendment might be allowed here, but the difficulty in the instant case, is that the same objection appears in the charge of the court on the trial of the issues before the jury. Thus the court instructed the jury, among other things, "Now, if you find the facts to be as shown by the evidence, gentlemen, you will find that under the law. as to public schools the defendant was required to send his children to school, the public school in his district." And again. Defendant excepts.

("If the defendant relies upon his having sent his children to some other school than the school in question (a public school) the burden

is upon him to show that, or if he relies upon his children's being out of school on account of any legal excuse the burden is upon him to show that.")

To the foregoing charge the defendant excepts.

"That is a matter peculiarly within his knowledge, and the burden is not upon the State to show that the defendant sent his children to any other school and that is a matter of defense for the defendant to show. (If the State has shown that there was a public school being conducted in his district, an eight months term, and that he has failed to send his children to this school and has violated this statute, nothing else appearing, then the defendant would be guilty." Defendant excepts.

As we have heretofore shown in criminal prosecutions it is required that the charge should state the essentials of the offense and what it is necessary to allege as a general rule, must be proved and that beyond a reasonable doubt. *S. v. Connor,* 142 N. C., *supra; S. v. Crowder,* 97 N. C., 432; *S. v. Wilbourne,* 87 N. C., 529.

True it is recognized that in certain instances when a statute creates a distinct and substantive criminal offense, the description of the same being complete and definite and by a proviso in the same or subsequent clause a certain case or class of cases is withdrawn from the effect and operation of the statute—a defendant who seeks protection by reason of • the exemption and as to matters relating to him personally or peculiarly within his personal knowledge, has the burden of showing that he comes within the same. But in the case before us no such conditions are presented. There is no proviso or exception in this law. On the contrary the statute makes it an offense when there is a failure on the part of parents or guardians to cause children of specified ages under their control to attend school for a period equal to the time the public schools are taught in the district where the children reside, and in such cases all of the authorities are to the effect that the substantial features of the offense must be set forth in the warrant or bill of indictment, and must be proved as alleged beyond a reasonable doubt.

There was error therefore in the portions of the charge above specified for a defendant is not put on explanation by mere proof of a failure of children under his control to attend a public school and until there are facts in evidence permitting the inference of a failure to attend any properly conducted and recognized school for the time required and during a scholastic year there could be no valid conviction of the offense.

On the record the Court is of opinion that the defendant is entitled to a new trial and it is so ordered.

New trial.