CARL EDWARDS, HUBERT LeROY EDWARDS, AND LAWRENCE RICHARD EDWARDS v. WILLIE EDWARDS.

(Filed 1 February, 1952.)

**1. Betterments § 8—**

In ascertaining the reasonable rental value of the land as an offset against claim for betterments, the court should instruct the jury that its rental value should be ascertained without taking into consideration the improvements placed upon the land, G.S. 1-341. The indication of date by the use of numerals separated by dashes such as "8-9-19" is disapproved.

**2. Appeal and Error § 48—**

Where error committed in respect to some of the issues does not affect the verdict on other issues, a partial new trial will be ordered.

APPEAL by defendant from *Frizzelle, J.,* at June Term, 1951, of ORANGE.

Civil action to recover land.

Plaintiffs allege in their complaint that they are the owners in fee simple, and entitled to possession of a certain specifically described lot of land, being a part of what is known as the Claytor place, situate on the northern limits of the town of Chapel Hill, North Carolina; that defendant is wrongfully and unlawfully in possession of said lot of land, and refuses, after demand therefor, to surrender possession of it; that the reasonable rental value thereof amounts to $32.00 per month; and that by reason of defendant's unlawful possession plaintiffs have been damaged to date in the sum of $1,000.00. And thereupon they pray judgment.

Defendant, answering, denies the allegations of the complaint as above set forth. And for further answer and defense, defendant avers in substance: That she acquired title to the lot of land described in the complaint through a commissioner's deed pursuant to judgment of foreclosure of tax lien of Orange County against said property; that she has been in adverse possession of same, under color of title, for more than seven years, which is pleaded as a bar to plaintiffs' recovery; and that this action was commenced more than three years after the youngest of plaintiffs became twenty-one years of age, that is, after removal of disability as a minor, and same is pleaded as a bar to this action.

And defendant, as a cross-action and counterclaim, further avers that she "has expended from her personal funds for direct improvements upon the property in question a sum exceeding $1700, and that the reasonable value of these improvements is $2500 and that the value of the property was enhanced by these improvements and is reasonably worth $2500 more than in its former condition." Thereupon she prays that plaintiffs take nothing of her by way of damages; that she be declared the true and

rightful owner of the property in question; that she recover of plaintiffs the sum of $2500, and that same be declared a specific lien against the property until fully satisfied; and for such other and further relief in law and in equity as the court deems just and proper.

When the case came on for hearing in Superior Court the parties stipulated and agreed as follows:

"(1) That Etta Edwards, wife of Brack Edwards, acquired the fee simple title to the property in controversy by deed recorded in Deed Book 86, page 272.

"(2) That there was born of the marriage of Etta Edwards and Brack Edwards three children, namely, Carl Edwards, born 8-9-19, Lawrence Richard Edwards, born 10-18-22, and Hubert LeRoy Edwards, born 9-3-26.

"(3) That Etta Edwards died 9-29-29, intestate.

"(4) That Brack Edwards died in March 1948.

"(5) That this action was brought 10-20-50, and summons served 10-21-50.

"(6) That Carl, Lawrence Richard, and Hubert LeRoy Edwards are the heirs at law and next of kin of Etta Edwards.

"(7) That the defendant received a deed from Orange County dated 9-6-37 and recorded 9-14-37 in Deed Book 107 at page 102 and that the County of Orange received a deed dated 7-1-36 and recorded 7-23-36 in Deed Book 104 at page 315 from J. Dumont Eskridge, commissioner under tax foreclosure proceedings.

"(8) That a final judgment was entered in the tax foreclosure proceedings on 15th of May 1950 by W. C. Harris, Judge presiding, affirming the judgment entered by E. M. Lynch, C.S.C., Orange County, declaring the deed recorded in Deed Book 104, at page 315, void as to the interests, if any, of the plaintiffs and that said deed did not convey the interests of these plaintiffs, which property is the same property which is the subject of this action.

"(9) That Brack Edwards and his second wife Willie Edwards, resided on the property from the date of their marriage prior to 9-6-37, the date of the defendant's deed to the date of the death of Brack Edwards in March 1948, and the defendant has continued to and now lives on the property in question.

"(10) That on the 12th day of July 1950, notice to vacate this property was served on the defendant, and since that date she has failed and refused to vacate the same."

Thereupon the parties offered evidence tending to support their respective allegations pertaining to the reasonable monthly rental of the premises, and as to the reasonable value of permanent improvements made to and upon the premises by defendant.

And the case was submitted to the jury upon these issues,—the first of which was answered by the court, and the others by the jury, as shown:

"1. Are the plaintiffs the owners in fee simple of the property as alleged in the complaint?  Answer: Yes.

"2. What amounts, if any, are the plaintiffs entitled to recover of the defendant as rent for the land?  Answer: $625.00.

"3. Did the defendant make permanent improvements upon the land under a title believed by her to be good?  Answer: Yes.

"4. If so, did the defendant have reasonable grounds to believe that she had good title to the land when she made such improvements?  Answer: Yes.

"5. If so, how much, if any, was the value of the property permanently enhanced by the improvements by the defendant?  Answer: $2350.00."

The court signed judgment in which after setting forth the issues, as so answered, it is recited: "And it further appearing to the court that the defendant, Willie Edwards, testified that she had expended $1700 only for the improvements thereon made by her and that therefore the court cannot enter a judgment providing for an enhanced value in the property by reason of the improvements made thereon by the defendant in excess of $1700 for said improvements, and it further appearing .that a lien should be granted to the defendant for the amount of this judgment and that the defendant is entitled to remain in possession of said property, the subject of the action, until said lien has been paid and satisfied."

Thereupon the court adjudged that plaintiffs are the owners in fee simple of the property described in the complaint; and that defendant have and recover of plaintiffs jointly and severally the sum of $1075 and costs of this action; that the money judgment as declared to be a specific lien against the said property and that defendant is entitled to remain in possession of the property until said lien has been satisfied, after which plaintiffs are entitled to possession, etc.

Defendant excepted to the signing of the judgment, and appeals to Supreme Court, and assigns error.

*No counsel for plaintiffs.*

*James R. Farlow for defendant, appellant.*

WINBORNE, J.  Appellant challenges, and properly so, the correctness of the charge of the trial court in respect of the second issue submitted to the jury in that the provisions of the pertinent statute, G.S. 1-341, are not observed.  This statute declares that "the jury, in assessing the damages, shall estimate against the defendant the clear annual value of the premises during the time he was in possession, exclusive of the use of the improvements made thereon by himself . . ."

FINANCE CO. *v.* HOLDER.

The charge, as given in the present case, failed to instruct the jury that in making the assessment the use of the improvements made on the premises by defendant should be excluded. See *Harrison v. Darden,* 223. N.C. 364, 26 S.E. 2d 860.

It is noted, however, that the first, third and fourth issues are not challenged on this appeal, neither are they affected by the verdict on the second and fifth issues. Hence the verdict on the first, third and fourth issues will stand, and the judgment based thereon is affirmed, but without prejudice to rights of defendant under provisions of G.S. 1-344. However, a new trial in respect to the matters to which the second and fifth issues relate is ordered.

And on new trial attention is directed to the statutes on betterments, Article 30 of Chapter One of the General Statutes. See also issues suggested in addenda to *Pritchard v. Williams,* 176 N.C. 108, 96 S.E. 733.

Moreover, notice is taken of the figures in the stipulation of parties, for instance "8-9-19," presumably indicating "August 9, 1919." This practice in judicial proceedings is not approved.

For error pointed out, let there be a

Partial new trial.