STATE v. CLAUDE EDMUNDSON, HARVEY BARFIELD, McKINLEY BRASWELL AND LEE HARVEY.

(Filed 31 October, 1956.)

**Intoxicating Liquor § 5b—**

> Evidence of defendants' guilt of possession of material and equipment designed and intended for the purpose of manufacturing whiskey *held* sufficient. G.S. 18-4. The use of abbreviations in court pleadings, minutes, judgments and records is not approved.

JOHNSON, J., not sitting.

APPEAL by defendants from *Bone, J.,* at April 1956 Criminal Term, of WAYNE.

Criminal prosecution upon a warrant issued by a "J. P." (assumedly a justice of the peace) on affidavit charging that on given date and place defendants, Claude Edmundson, Harvey Barfield, Lee Harvey and McKinley Braswell did unlawfully and willfully "have in their possession material and equipment for the purpose of manufacturing whiskey (Amended: Designed and intended for the purpose of manufacturing whiskey)," returnable to the County Court of Wayne County, and tried in Superior Court on appeal thereto by each of defendants from judgment of County Court.

The State offered evidence, as this Court holds, tending to support the charge. Defendants offered no evidence. And defendants Claude Edmundson, Harvey Barfield and Lee Harvey moved for judgment as of nonsuit at close of State's evidence. The motions were denied, and named defendants excepted. Defendant McKinley Braswell did not move for judgment as of nonsuit.

Verdict: Each of defendants is guilty as charged.

Judgment: Each defendant, naming all four, be confined in common jail of Wayne County for a period of four months, assigned to work the roads under the supervision of the State Highway and Public Works Commission.

Each defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General Patton and Assistant Attorney-General Samuel Behrends, Jr., for the State.*

*Edmundson & Edmundson for Defendants Appellants.*

PER CURIAM. Defendants challenge the ruling of the trial court in denying their motions made in Superior Court for judgment as of nonsuit. Suffice it to say, in this connection, the Court holds the evidence

offered by the State, taken in the light most favorable to the State, as is done when considering demurrer to the evidence, G.S. 15-173, is sufficient to take the case to the jury and to support the verdict of guilty as to each defendant. See *S. v. Jaynes,* 198 N.C. 728, 153 S.E. 410; *S. v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537, and cases cited.

The motion of defendant McKinley Braswell for *certiorari* is denied. The case on appeal reveals evidence of an alleged confession by him, and that he did not move for judgment as of nonsuit or for a directed verdict.

Under the statute, G.S. 18-4, as interpreted and applied in cases cited above, it is held that in the judgment from which defendants appeal, there is no error.

(Note: The use of abbreviations, such as "J. P." for "justice of the peace"; "P. N. G." for "pleads not guilty," and the like, in court pleadings, minutes, judgments and records is not approved. See *Edwards v. Edwards,* 235 N.C. 93, 68 S.E. 2d 822.)

No error.

JOHNSON, J., not sitting.