### STATE v. WISTER JAMES MOORE

(Filed 11 December, 1957)

1. **Criminal Law § 18: Indictment and Warrant § 15—**

   Upon appeal to the superior court from conviction in a municipal court upon a warrant charging operation of a motor vehicle by defendant after his operator's permit had been permanently revoked, an amendment adding the allegation that the revocation was by the Department of Motor Vehicles by reason of a prior conviction of defendant in the municipal court, *held,* not to change the nature of the offense charged in the original warrant, G.S. 7-149, Rule 12, and defendant's exception to the allowance of the amendment and his motion in arrest of judgment are overruled.

2. **Criminal Law § 72—**

   Testimony of an admission by defendant is competent, and where a witness has detailed a conversation had by him with defendant containing a virtual admission that defendant was operating the vehicle at the time in question, the State may ask the witness to state whether defendant admitted he was operating the vehicle at the time, and objection that it was a leading question is untenable.

3. **Automobiles § 3—**

   In a prosecution for driving after permanent revocation of license, certified copy of the record of the Department of Motor Vehicles, signed by a proper official and bearing the seal of the Department, and disclosing such revocation, is competent. G.S. 20-42(b). However, the use of figures separated by dashes to indicate dates, such as "11–10–49," is disapproved.

**4. Automobiles § 3—**

Where defendant admits he was driving his automobile on a highway of the State at the time in question, which time was subsequent to the date his license had been permanently revoked as disclosed by certified record of the Department of Motor Vehicles introduced in evidence, the evidence is sufficient to make out a *prima facie* case and overrule nonsuit in a prosecution for driving after revocation of license, it not being incumbent on the State to show that a new license had not been granted, this being a matter of defense.

**5. Automobiles § 65—**

Evidence that defendant drove his automobile around a curve with his left wheels in the ditch on his left side of the highway, and struck a truck, traveling in the opposite direction on its right side of the road, resulting in damages and injuries, is sufficient to take the case to the jury and support a conviction of reckless driving.

**6. Criminal Law § 156—**

Ordinarily, any misstatement in reciting the contentions of the parties must be brought to the court's attention in time to afford opportunity for correction, or an exception thereto is deemed waived.

APPEAL by defendant from *Olive, J.,* at April 15, 1957, Regular Criminal Term, Greensboro Division, of GUILFORD.

Criminal prosecution upon two warrants, issued out of The Municipal County Court, Criminal Division, of Guilford: No. 11208, charging "that Wister James Moore, on or about the 6th day of December, 1956, with force and arms, at and in Guilford County * * * did unlawfully and willfully operate a motor vehicle upon a public highway, a rural road approximately 9 miles north of Greensboro, North Carolina, after his operator's permit having been permanently revoked, against the statute" etc., and

No. 11209, charging "that Wister James Moore, on or about the 6th day of December, 1956, with force and arms, at and in Guilford County * * * did unlawfully operate a motor vehicle upon a public highway, 9 miles north of Greensboro, North Carolina, on a rural road in a careless and reckless manner so as to endanger life, limb and property, against the statute" etc.

In the Municipal County Court defendant pleaded not guilty as to the charge in each warrant.

The cases were consolidated for the purpose of trial, and the court heard evidence in each case, and found defendant guilty in each case, and from judgments pronounced defendant appealed to Superior Court for trial *de novo.*

In Superior Court, defendant again entered a plea of not guilty. And by consent the two cases were consolidated for the purpose of trial.

The State then moved to amend the warrant No. 11208 by adding thereto the following: "Said license having been per-

manently revoked by the Department of Motor Vehicles by reason of the defendant having been convicted in the Municipal Court of the City of Greensboro on the 24th day of March, 1950." Objection by defendant was overruled, and defendant excepted. Exception No. 1.

Verdicts in Superior Court: Guilty as charged.

> Judgments: In No. 11208: "That the defendant be confined to the common jail of Guilford County for a period of six (6) months to be assigned to work under the supervision of the State Highway and Public Works Commission." And in No. 11209: "That the defendant be confined to the common jail of Guilford County for a period of six (6) months to be assigned to work under the supervision of the State Highway Commission."

Defendant excepted to each judgment, and appeals therefrom to Supreme Court, assigning error.

*Attorney General Patton, Assistant Attorney General Love for the State.*

*Robert S. Cahoon for defendant appellant.*

WINBORNE, C. J. In record on this appeal defendant appellant sets forth twenty-five assignments of error based upon thirty-four exceptions. And in brief filed in this Court the matters brought up are treated under nine headings.

FIRST: Assignment of error No. 1, relates to exception No. 1 to the court allowing the State to amend the warrant No. 11208 as above indicated. In this connection, "under our practice, our courts have the authority to amend warrants defective in form and even in substance: Provided the amended warrant does not change the nature of the offense intended to be charged in the original warrant." G.S. 7-149, Rule 12. *Carson v. Doggett,* 231 N.C. 629, 58 S.E. 2d, 609. See also to same effect *S. v. Cauble,* 70 N.C. 62; *S. v. Crook,* 91 N.C. 536; *S. v. Vaughan,* 91 N.C. 532; *S. v. Yellowday,* 152 N.C. 793, 67 S.E. 480; *S. v. Johnson,* 188 N.C. 591, 125 S.E. 183; *S. v. Wilson,* 221 N.C. 365, 20 S.E. 2d, 273; *S. v. Carpenter,* 231 N.C. 229, 56 S.E. 2d, 713; *S. v. Wilson,* 237 N.C. 746, 75 S.E. 2d 924; *S. v. McHone,* 243 N.C. 231, 90 S.E. 2d, 536. The case is distinguishable from *S. v. Cooke,* 246 N.C. 518, 98 S.E. 2d, 885. Hence the exception is not well founded.

Moreover, in respect to the ninth subdivision of defendant's brief, pertaining to defendant's motion in arrest of judgment made in this Court for defect in warrant as amended in No. 11208, the action of the Court in this respect is accordant with holding above as to the amendment.

STATE *v.* MOORE.

SECOND: That the court erred in allowing, over objection, "evidence prejudicial to defendant, and which was incompetent and lawfully not admissible in evidence": (a) assignment of error No. 2 based on exception No. 2, and (b) assignments of error Nos. 3, 4, 5 and 6 based on exception of like numbers are as follows:

(a) Exception No. 2 is taken to action of trial court overruling objection to the leading question asked the highway patrolman—"Now, state whether or not the defendant admitted he was operating the station wagon there at the time?" Answer: "Yes, sir." In this connection reference to the case on appeal discloses that the patrolman detailed conversation had by him with defendant about 7:30 p.m., on 6 December, at the hospital, as follows: "First of all, I asked Mr. Moore if anyone was with him in his car. He stated that there was not. I asked him if he owned the car, and he stated that he did. When I say 'car' I mean the '55 Ford four-door station wagon * * * I asked him for his driver's license and he stated that they were in the car which had been pulled in by a wrecker, and then I asked him what happened, in his opinion, what happened. At that time he stated that he was going west on the dirt road on his side of the road and somebody ran into him * * *." This language is virtual admission that he was driving the station wagon, which is admissible in evidence. *S. v. Roberts,* 12 N.C. 259; *S. v. Whitener,* 191 N.C. 659, 132 S.E. 603; *S. v. Gray,* 192 N.C. 594, 135 S.E. 535. Hence the question and answer to which objection relates is proper. Moreover, the objection that it is a leading question is untenable.

(b) Exceptions 3, 4, 5 and 6 are taken to the ruling of the trial court in permitting the State to show by the highway patrolman that he obtained from Department of Motor Vehicles of the State of North Carolina certified copy of the driver's license record of Wister James Moore, identified as State's Exhibit 1, and to offering same in evidence, and reading in evidence the record relating to driver's license revocation of Moore as follows:

"STATE'S EXHIBIT 1

Form 727
Revised 1–53

N. C. DEPARTMENT OF MOTOR VEHICLES
HIGHWAY PATROL
OPERATOR LICENSE CHECK

Date  December 7, 1956

TO:
  State Highway Patrol
  Department of Motor Vehicles
  Raleigh, N. C.

  Please advise if the following subject holds a value operator's license, or if cancelled, suspended or revoked.

STATE *v.* MOORE.

Name (Full Name) Wister James Moore   Race White
Sex Male   Age 9–30–20
(Street Address) 115 Erwin Street
(Post Office) Greensboro, N. C.
(Patrolman) William F. Clay, PFC
(Call No.) 369   (Station) Greensboro, N. C.
This is to certify the above named subject
                    Operator's
Holds Chauffeur's License No.   None
                    Expired
Issued              Expires
1—License Revoked From 11–10–49 to 11–10–50
1—Revocation Notice served (Date) 11–22–49
     (By)   Mailed Direct
1—Court   Municipal County Court, Greensboro
     Offense  Driving Drunk G. S. 20-17-(2)
1—Dept. Action   Revoked One year
2—License Revoked From 2–22–50 To 2–22–53
2—Revocation Notice Served (Date) 3–2–50
     (By)   Mailed Direct
2—Court Municipal County Court, Greensboro
     Offense   Driving Drunk (2nd Offense) and
     Driving After License Revoked
2—Dept. Action   Revoked Three Years
3—License Revoked From 3–24–50 To Permanent
3—Revocation Notice served (Date) 6–26–50
     (By)   Mailed Direct
3—Court Municipal Court, Greensboro
     Offense Driving Drunk (3rd Offense) and
     Driving After License Revoked
3—Dept. Action   Revoked Permanently
     Date:   December 10, 1956

                           Signed Elton R. Peele
                           State Highway Patrol Chief,
                           Driver License Division.

NOTE: Patrolmen make note of all essential facts concerning status of license at time it is checked, and after receiving report of status of license from Drivers License Division either discard report or obtain warrant and bring indictment if indicated.

(DEPARTMENT SEAL AFFIXED)."

In this connection it is noted that the statute G.S. 20-42 (b) provides: "(b) The Commissioner and such officers of the Department as he may designate are hereby authorized to prepare under the seal of the Department and deliver upon request a certified copy of any record of the Department, charging a fee of fifty cents (50¢) for each document so certified, and every

such certified copy shall be admissible in any proceeding in any court in like manner as the original thereof, without further certification. (1937, c. 407, s. 7; 1955, c. 480)."

The language of the Exhibit is susceptible of the inference that it is a certified copy of the record of the North Carolina Department of Motor Vehicles Highway Patrol, signed by a proper official and bearing the seal of the Department, which is "admissible in any proceeding in any court in like manner as the original thereof, without further certification."

(Nevertheless, note is taken of the figures in the record, for instance figures 1, 2 and 3 each appearing 4 times on the left margin presumably relating to first, second and third revocations, and other figures separated by dashes, such as "11–10–49" presumably indicating date of "November 10, 1949." This practice in judicial records ought not to be followed, and it is not approved. A form sufficiently clear to dispense with necessity of interpretation should be adopted by the Department.) *Edwards v. Edwards,* 235 N.C. 93, 68 S.E. 2d, 822.

THIRD: "That the trial court erred in overruling the defendant's motions for judgment as of nonsuit on the charge of driving *after* his license was revoked." The evidence offered tends to show "that at the time and place charged (1) defendant was operating a motor vehicle; (2) that he was operating it upon a public highway or road as defined in G.S. 20-6; (3) that his license to operate was at that time lawfully revoked." Reference to the certified record, Exhibit 1, shows that defendant's license was revoked for a period of one year on 10 November, 1949; that it was again revoked for a period of three years on 22 February, 1950, and was permanently revoked on 24 March, 1950. Indeed, it is provided in G.S. 20-19 (e) that "When a license is revoked because of a third or subsequent conviction for driving under the influence of intoxicating liquor or a narcotic drug, the revocation shall be permanent: Provided, that the Department may, after the expiration of five years, issue a new license upon satisfactory proof that the former licensee has been of good behavior for the past five years, and that his conduct and attitude is such as to entitle him to favorable consideration." Hence the alleged violation on 6 March, 1950, was necessarily after and while his license was revoked,—and is sufficient to make out *prima facie* case. Whether or not a new license had been granted to defendant was a matter of defense. And no such defense was made.

FOURTH: That the trial court erred in overruling defendant's motion for judgment as of nonsuit on the charge of careless and reckless driving. As to it, the evidence tended to show that defendant operating a Ford station wagon came around the curve

on his left-hand side of the road with his left wheels in the ditch on that side of the road, and struck the Chevrolet truck operated by the witness Green on his right side of the road, damaging it and injuring Green. This evidence taken in the light most favorable to the State is sufficient to take the case to the jury, and to support a conviction of reckless driving.

FIFTH: That the court erred in its charge to the jury. Assignments of Error No. 9 through No. 18, relating to exceptions Numbers 11 through 27. As to these matters defendant acknowledges in his brief filed in this Court that "the condemnatory language to which exception is reserved, is identified as contentions of the State." Such being the status of these exceptions, suffice it to say, ordinarily, as here, any misstatement of the evidence or of contentions by the trial judge in reciting contentions of the State, or of a defendant, must be brought to his attention at the time in order to afford him an opportunity for correction, or else it will be deemed to be waived. *S. v. Shackleford,* 232 N.C. 299, 59 S.E. 2d, 825; *S. v. Brannon,* 234 N.C. 474, 67 S.E. 2d 633, and many other cases. Such is the case here.

SIXTH: That the trial court erred in failing to instruct the jury as to the law pertinent to the offenses charged. It is enough to say that a reading of the charge of the court, as a whole, leads to the conclusion that the challenge is not tenable.

SEVENTH AND EIGHTH: That the court erred in overruling motions to set aside the verdict and for new trial in the respective cases. The exceptions here pertain to formal matters, and need no elaboration. The charges are supported by sufficient evidence to justify the verdict rendered by the jury.

Error in the trial below is not made to appear. Hence in the judgments from which appeal is taken there is

No error.