ELIAHOU LEVY v. EZRA MEIR.

(Filed 30 April, 1958.)

Pleadings § 4—

Whether the complaint should be verified is optional with plaintiff unless some statute requires verification as a condition to the maintenance of the action, G.S. 1-144, and in an action on a promissory note verification is not required, and therefore an attempted verification, which is a nullity, cannot defeat the action, although in such instance defendant is not required to verify his answer. G.S. 1-146.

APPEAL by plaintiff from Sink, E. J., October 1957 Civil Term (Second) of WAKE.

Plaintiff seeks to recover the dollar equivalent of 450 dinars, the sum specified in a promissory note given by defendant to plaintiff in Bagdad in August 1947. Attached to the complaint is an affidavit by Kenneth M. Stark as attorney in fact for plaintiff. This affidavit is in the form prescribed for a party to the action who desires to verify the same, G.S. 1-145; but does not meet the requirements of a verification by an agent or attorney, G.S. 1-146.

MOODY v. MASSEY.

Defendant moved to dismiss the action for lack of proper verification. The original complaint alleged that plaintiff was a resident of New York County, State of New York. ` Plaintiff was allowed to amend to allege that he was a resident of Israel. The court, after hearing the parties on the motion to dismiss, adjudged that the complaint had been improperly verified and thereupon dismissed the action at plaintiff's cost. Plaintiff appealed.

*Everett Everett & Everett for plaintiff, appellant.*
*Emanuel & Emanuel for defendant, appellee.*

PER CURIAM. A pleading must be subscribed by a party or his attorney. The complaint filed in this case meets this statutory requirement. Whether plaintiff verifies his complaint is optional with him unless some statute requires verification as a condition to the maintenance of the action. G.S. 1-144. No statute requires verification to maintain an action on a promissory note. Since plaintiff can maintain his action without verifying the complaint, an attempted verification. which is a nullity, cannot defeat that right. *Reynolds v. Smathers,* 87 N.C. 24; *McNair v. Yarboro,* 186 N.C. 111. As the verification does not meet the requirement of the statute, G.S. 1-146, defendant is not required to verify his answer.

Reversed.