STATE OF NORTH CAROLINA v. WALTER LEE LITTLE.

(Filed 13 October, 1965.)

**1. Intoxicating Liquor § 12—**

It is competent for an expert in the field to testify that the still in question, examined by the witness, was capable of making whiskey.

**2. Same—**

It is competent for an expert in the field to testify that mash found by the witness at a still site had fermented and was ready to run, and to testify as to what was needed to put the still in operation.

**3. Intoxicating Liquor § 13e—**

Evidence in this case *held* sufficient to be submitted to the jury upon an indictment charging defendant with unlawfully and wilfully having in his possession materials and equipment designed and intended for the unlawful manufacture of intoxicating liquor. G.S. 18-4.

APPEAL by defendant from *Bone, E. J.,* July 1965 Special Criminal Session of NASH.

Criminal prosecution on an indictment charging defendant with unlawfully and wilfully having in his possession materials and equipment designed and intended for the unlawful manufacture of intoxicating liquor, to wit, rye mash, still equipment, and glass jars, a violation of G.S. 18-4. Defendant in the Nash County Recorder's Court had demanded a jury trial on a warrant charging him with the identical offense charged in the indictment, and his case was transferred to the superior court for trial. In the superior court defendant pleaded not guilty. The jury returned a verdict of guilty as charged.

From a judgment of imprisonment, defendant appeals.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*C. C. Malone, Jr., and W. G. Pearson, II, for defendant appellant.*

PER CURIAM. The defendant did not offer any evidence. He assigns as error the denial of his motion for judgment of compulsory nonsuit made at the close of the State's evidence.

The State offered three witnesses: J. B. Herbert, a State ABC officer; Joseph Kopka, an investigator for the Alcohol and Tobacco Tax Unit, United States Treasury Department; and Alfred Joyner, a Nash County ABC officer. A summary of the State's evidence is as follows: About 5 a.m. on 3 May 1965 Deleon Battle, Charles Sidney Langley, and defendant Walter Lee Little were seen at a small shed approximately 1,000 yards from a still site at the back of defendant's home. They loaded something on a pickup truck and the truck was driven by

Langley down through a large cow pasture, across a pond dam, and down to a fence. Battle was sitting in the truck on the right side, and defendant Little was riding on the front fender of the truck. Defendant Little had a valve regulator in his hand. When the truck came to the fence, defendant Little got out and opened the gate. He then walked on down to the still site. The following were at the still site: A distillery consisting of one 1650 gallon metal tank pot type still which was set up but not in operation; 4800 gallons of mash contained in twenty-four 240-gallon fermenter boxes. The still was set up on concrete blocks above the ground so a burner could fit underneath. There were two 55-gallon copper doublers, copper connecting pipes, one one-inch copper pipe branch worm condenser contained in a one-quarter gallon wood and metal cooler tank, one 240-gallon liquor box, 77 cases with 12 jars to the case of empty half-gallon glass fruit jars, one hand forced water pump, one homemade gas burner, eleven 100-lb. propane tanks full, 200 lbs. of sugar, one hoe, one shovel, one axe, five gallons of gasoline contained in one five-gallon gasoline can, two buckets, one tub, two kerosene lamps, two gallons of kerosene contained in one 2-gallon can, 25 feet of one-inch plastic pipe, 50 feet of 1¼ inch plastic pipe, one 50-ft. roll of roofing paper, 2 wrenches, 1 Briggs & Stratton gas motor, Serial No. 01-6401143, with a Rapidayton water pump, 1 Claricon citizen band transceiver, Model #15-020, Serial #11215792, one 1954 model two-tone G.M.C. half-ton pickup truck, Serial #10224-PZ-1846, bearing North Carolina license #3351-SE.

There was a considerable quantity of mash that was ready for distillation at that time. Distillation is a process whereby liquid mash is put into a still, and the heat cooks the mash, and vapors rise from the liquid mash, and run through a process of doublers and into a condenser, and it becomes liquid again, in the form of distilled spirits. The still was not in operation at the time. The mash had fermented and was ready to be run or manufactured into whisky. When the officers went in to the still site, one person there was arrested, and defendant Little ran. Little was caught and brought back to the still site. While the officers and Langley and defendant Little were standing together at the still site, Langley said to defendant Little, "Boy, I thought you could run," and Little replied, "I thought I could, too." A lunch box full of food was found at the still site. Defendant Little stated that it was his lunch box, that he brought it to the still site, and that he came to the still site to work. Officer Herbert compared the valve regulator that defendant Little had on the truck with a gas burner at the still site. The valve regulator had a nut that screws onto a valve the exact size of the gas tank and the exact size of the gas burner. The still site was not on defendant's land. The truck did not belong to him.

J. H. Herbert, a State ABC officer, testified that he had been connected with the ABC law-enforcement work for about three years, during which time he had examined about 250 stills, and he was familiar with the operation of stills. He testified that the still found at the still site was capable of making whisky. Defendant assigns as error the refusal of the court to strike his testimony, that the mash found at the still site had fermented and was ready to run, to be manufactured into whisky. Defendant also assigns as error that the witness Herbert was permitted over his objection to testify that to get the still in operation the mash would have to be pumped into the still, and the burner put under the still; the gas would have to be lighted. Both assignments of error are overruled. It clearly appears that Herbert by reason of his knowledge and experience was competent to testify that the mash found at the still site had fermented and was ready to run, to be manufactured into whisky, and also to testify as to what was needed to put the still in operation. The court properly admitted such testimony in evidence. *S. v. Fields,* 201 N.C. 110, 159 S.E. 11; 48 C.J.S., Intoxicating Liquor, § 348(b), p. 491.

Joseph Kopka testified in detail as to his extensive training and experience with the Alcohol and Tobacco Tax Unit, United States Treasury Department, with which he had been for five and one-half years. He has examined between 400 and 500 stills during that period. He is familiar with the operation of stills and the manner in which distilled spirits are made. He estimated from his experience and training that the still found by the officers in the instant case had a daily producing capacity of 154 gallons of distilled spirits or whisky. Defendant's assignment of error to the admission of this testimony of Kopka is overruled. It is manifest that Kopka had the training and experience to estimate the daily producing capacity of this still, and his testimony as to its daily producing capacity was competent as evidence.

The trial court correctly denied defendant's motion for judgment of compulsory nonsuit. Under our decisions the State's evidence was amply sufficient to carry the case to the jury. *S. v. Perry,* 179 N.C. 718, 102 S.E. 277; *S. v. Jaynes,* 198 N.C. 728, 153 S.E. 410; *S. v. McLamb,* 235 N.C. 251, 69 S.E. 2d 537; *S. v. Edmundson,* 244 N.C. 693, 94 S.E. 2d 844.

Defendant has no assignment of error to the charge. All defendant's assignments of error are overruled. In the trial below, we find

No error.